368 So.2d 1043 (1979)
LOUISIANA STATE BAR ASSOCIATION
v.
James F. QUAID, Jr.
No. 58520.
Supreme Court of Louisiana.
March 5, 1979.
*1044 Leonard Fuhrer, Alexandria, Roland J. Achee, Shreveport, Wood Brown, III, New Orleans, Sam J. D'Amico, Baton Rouge, Harold J. Lamy, New Orleans, Edgar H. Lancaster, Jr., Tallulah, John F. Pugh, Thibodaux, A. Russell Roberts, Metairie, John B. Scofield, Lake Charles, Thomas O. Collins, Jr., New Orleans, for Louisiana State Bar Ass'n Committee on Professional Responsibility.
Milton P. Masinter, New Orleans, for defendant-respondent.

DISCIPLINARY PROCEEDING
SUMMERS, Chief Justice.[*]
James F. Quaid, Jr., was found guilty of the offense of burglary in Fulton County, Georgia, on December 14, 1973, in that he "did unlawfully, without authority, enter into the building and place of business of The Robinson-Humphrey Company, Inc., with intent to commit a theft, and did take and carry away from said building [list of property bonds] all of the value of $4,118,000.00 and the property of The Robinson-Humphrey Company, Inc., as bailee, with the intention of depriving said owner of said property . ." He was thereafter sentenced to serve ten years at hard labor in the custody of the Georgia Department of Corrections. The conviction of the offense is now final, all appeals having been exhausted.
Quaid was admitted to the Louisiana Bar in 1960, and served as an Assistant District Attorney for Jefferson Parish from 1967 to 1969. After his conviction, he was incarcerated in the Georgia penitentiary until his release in February 1977. He thereafter returned to Louisiana and is now employed in the airport and highway construction business. Quaid is presently on parole and is attempting to obtain a pardon from his conviction.
After his conviction in the Georgia courts, the Committee on Professional Responsibility made a thorough study of the statute violated and determined that the crime of which Quaid was convicted constituted a serious crime, a felony, one of the necessary elements of which, as determined by the statute defining such crime, reflects upon the attorney's moral fitness to practice law. On September 30,1976, Quaid was suspended from the practice of law by order of this Court, and the Committee was ordered to institute the necessary disciplinary proceedings against him. Stephen T. Victory was appointed Commissioner to take evidence and to report to this Court his findings of fact and conclusions of law with respect to this respondent. The hearing was held September 21, 1978, and the Commissioner, after receiving evidence and testimony of mitigating circumstances, has recommended that the appropriate action in this case is disbarment.
After an attorney's conviction of a felony or other serious crimes, the elements of which reflect upon the attorney's moral fitness to practice law, has become final, that is, all appeals have been concluded or exhausted, the procedure shall be as follows:
"(a) The Committee will file a petition in the Supreme Court seeking disbarment or any other remedy that the Committee deems appropriate, and the petition will be served upon the respondent in the same manner as in ordinary proceedings.
(b) When the issue is joined by answer by the respondent, a Commissioner will be appointed by the Supreme Court to represent the Court in the same manner as in ordinary proceedings.
(c) At the hearing before the Commissioner, the certificate of the conviction of the respondent shall be conclusive evidence of his guilt of the crime for which he has been convicted.
(d) At the hearing based upon a respondent's conviction of a crime, the sole issue to be determined shall be whether the crime warrants discipline, and if so, the extent thereof. At the hearing the *1045 respondent may offer evidence only of mitigating circumstances not inconsistent with the essential elements of the crime for which he was convicted as determined by the statute defining the crime.
(8) Except as provided hereinabove in this Section, the procedure with reference to proceedings based on a conviction of a crime, shall be conducted in the same manner as in ordinary proceedings." Louisiana State Bar Association, Articles of Incorporation, Art. XV, Section 8, Paragraphs 7(a)-(d). LSA Vol. 21-A.
The sole issue to be determined by the Supreme Court in a disciplinary proceeding based on conviction of a crime is whether the crime warrants discipline and, if so, the extent thereof. Louisiana State Bar Association v. Loridans, 338 So.2d 1338 (La.1976). The disciplinary procedure is designed to avoid a retrial of the criminal charge, of which the respondent has been convicted under constitutional safeguards in a court of competent jurisdiction. Louisiana State Bar Association v. Hennigan, 340 So.2d 264 (La.1976).
The offense in question, a felony involving theft of property bonds by an attorney from a firm acting as bailee, runs afoul of at least two basic tenets of the Code of Professional Responsibility:
Disciplinary Rule 1-102 provides in part:
"(A) A lawyer shall not:
* * * * * *
(3) Engage in illegal conduct involving moral turpitude.
(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation."
A disbarment proceeding is not so much for the punishment of the attorney as it is for the preservation of the integrity of the courts and the salutary effect it has upon other members of the bar. Louisiana State Bar Association v. Shaheen, 338 So.2d 1347 (La.1976). It is submitted that Quaid's conduct involves a breach of fiduciary duty so serious that it casts doubt on his ability to loyally represent his clients, and indicates a disregard of ethical standards which reflects his lack of moral fitness for the practice of law.
For the reasons assigned, it is ordered, adjudged and decreed that the name of James F. Quaid, Jr., respondent herein, be stricken from the Roll of Attorneys and his license to practice law in the State of Louisiana is revoked, effective September 30, 1976, the date of this Court's order suspending respondent from the practice of law, respondent to bear all costs of this proceeding.
NOTES
[*] Judge Pike Hall, Jr., participated in this decision as Associate Justice Ad Hoc sitting in the place of Justice Marcus.