378 So.2d 380 (1979)
LOUISIANA STATE BAR ASSOCIATION
v.
Albert A. BENSABAT, III.
No. 60465.
Supreme Court of Louisiana.
December 13, 1979.
*381 John R. Martzell, Martzell & Montero, New Orleans, for defendant-respondent.
Harold J. Lamy, Chairman, New Orleans, Roland J. Achee, Shreveport, Wood Brown, III, New Orleans, Sam J. D'Amico, Baton Rouge, Leonard Fuhrer, Alexandria, Edgar H. Lancaster, Jr., Tallulah, Alfred S. Landry, New Iberia, A. Russell Roberts, Metairie, John B. Scofield, Lake Charles, Thomas O. Collins, Jr., New Orleans, Executive Counsel, Louisiana State Bar Ass'n, Committee on Professional Responsibility, for plaintiff-petitioner.
DENNIS, Justice.[*]
This disciplinary proceeding against a member of the bar raises the question of whether an attorney's convictions of conspiracy to import cocaine into the United States, 21 U.S.C. 952(a), 960(a)(1), 963, conspiracy to possess with intent to distribute cocaine, 21 U.S.C. 841(a)(1), 846, and possession with intent to distribute approximately 966 grams net of cocaine hydrochloride, 21 U.S.C. 841(a)(1), in the absence of evidence of mitigating circumstances, warrant disbarment. We find disbarment warranted. Disbarment may be invoked for crimes not directly connected with the practice of law. In the absence of mitigating circumstances, an attorney's felony convictions of conspiracy to import cocaine, conspiracy to possess with intent to distribute and possession with intent to distribute cocaine manifest a lack of fidelity to his duty to uphold the law and require revocation of his license.
Respondent, Albert A. Bensabat, III, was convicted by a jury in a United States district court of conspiracy to import cocaine, conspiracy to possess with intent to distribute cocaine, and possession with intent to distribute approximately 966 grams net of cocaine hydrochloride, and sentenced to three concurrent sentences of fifteen years' imprisonment.
The Louisiana State Bar Association, through its Committee on Professional Responsibility, filed in this Court a petition charging Bensabat with professional misconduct and seeking his disbarment. Although the committee initially requested this Court to appoint a commissioner to conduct an evidentiary hearing, the parties have chosen to submit the case on the pleadings without evidence.
*382 Bensabat concedes that his criminal convictions warrant discipline. He argues, however, that he should be spared disbarment because the criminal charges did not arise out of his law practice and because disbarment should be reserved as discipline for misdeeds directly connected with the practice of law.
Thus, we are called upon to decide whether an attorney's criminal activity, not directly connected with his practice of law, may be grounds for disbarment and, if so, whether the attorney's convictions in this case warrant this sanction. We conclude that both issues must be resolved against the attorney in this case.
An attorney's duty to obey and uphold the laws extends to all laws and not merely to those directly connected with his law practice. His Code of Professional Responsibility exhorts him to "refrain from all illegal and morally reprehensible conduct," with the warning that "[b]ecause of his position in society, even minor violations of law by a lawyer may tend to lessen public confidence in the legal profession." La. State Bar Assoc. Arts. of Incorp., Art. XVI (Code of Professional Responsibility) Ethical Consideration 1-5, following La.R.S. 37:218. A lawyer's disciplinary rules, the mandatory rules stating the level below which no lawyer can fall without being subject to disciplinary action, proscribe illegal conduct involving moral turpitude, conduct involving dishonesty, fraud, deceit, misrepresentation or conduct that is prejudicial to the administration of justice. Code of Professional Responsibility, supra, Disciplinary Rule 1-102(A)(3)-(5). See ABA Code of Professional Responsibility, Preliminary Statement (1969); Hood, Renewed Emphasis on Professional Responsibility, 35 La.L.Rev. 719, 737 (1975). In sum, an attorney's admission to the bar is conditioned upon his earnest commitment to uphold and preserve the system of lawful government and to maintain the integrity of his profession and the courts of which he is an officer. Ex parte Wall, 107 U.S. 265, 274, 2 S.Ct. 569, 576, 27 L.Ed. 552 (1882); Louisiana State Bar Association v. Ponder, 340 So.2d 134 (La.1976), on rehearing 340 So.2d 141; Code of Professional Responsibility supra, Ethical Consideration 1-1.
Hence, any serious breach of law which demonstrates that a lawyer is unable or likely to be unable to discharge his professional duties may warrant disbarment. See, e. g., Louisiana State Bar Association v. Philips, 363 So.2d 667 (La.1978); Louisiana State Bar Association v. McSween, 347 So.2d 1118 (La.1977). The purpose of lawyer discipline proceedings is to maintain appropriate standards of professional conduct in order to protect the public and the administration of justice from lawyers who have demonstrated such shortcomings. Louisiana State Bar Association v. Quaid, 368 So.2d 1043 (La.1979); Louisiana State Bar Association v. McSween, supra; Louisiana State Bar Association v. Ponder, supra; ABA Joint Committee on Professional Discipline, Standards for Lawyer Disciplinary and Disability Proceedings, § 1.1, p. 1 (Tentative Draft June, 1978). The discipline to be imposed in a particular case, of course, will depend upon the seriousness and circumstances of the offense, fashioned in light of the purpose of lawyer discipline, taking into account aggravating and mitigating circumstances. See ABA Joint Committee on Professional Discipline, Standards for Lawyer Disciplinary and Disability Proceedings, § 7.1, p. 44 (Tentative Draft June, 1978).
Applying these principles to the case at bar, we conclude that Bensabat's convictions of conspiracy to import cocaine, conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine warrant disbarment. The offenses are serious, involving a series of conscious and deliberate acts directed toward the unlawful introduction of cocaine into the country and culminating in the possession of cocaine in such quantities as to indicate the intention to distribute it for profit. Under the federal laws each of the crimes is punishable by a maximum prison sentence of fifteen years. In Louisiana possession with intent to distribute cocaine alone is punishable by a maximum penalty *383 of thirty years hard labor imprisonment and a fine of $15,000. La.R.S. 40:961(23), 964, 967. Since the parties submitted the case without evidence we cannot take into account any circumstances of the offense other than those stated in the certificates of conviction. However, the nature of the criminal activity itself, in the absence of any evidence of mitigating circumstances, demonstrates such a grave lack of fidelity to the lawyer's duty to uphold and respect the laws as to require disbarment in order to protect the public and the administration of justice.
Accordingly, for the reasons assigned, it is ordered, adjudged and decreed that the name of Albert A. Bensabat, III, respondent, be stricken from the roll of attorneys and his license to practice law in the State of Louisiana be revoked effective September 1, 1977, the date of this Court's order suspending him from the practice of law.
NOTES
[*] The Honorable Jesse N. Stone, Jr. participated in this decision as an Associate Justice ad hoc.