412 So.2d 523 (1982)
LOUISIANA STATE BAR ASSOCIATION
v.
Frank C. O'HALLORAN, Jr.
No. 80-B-1973.
Supreme Court of Louisiana.
January 8, 1982.
Rehearing Denied April 16, 1982.
*524 Thomas O. Collins, Jr., New Orleans, Sam J. D'Amico, Baton Rouge, Wood Brown, III, New Orleans, Carrick R. Inabnett, Monroe, Harold J. Lamy, New Orleans, Phillippi P. St. Pee, Metairie, Robert J. Boudreau, Lake Charles, Alfred S. Landry, New Iberia, Ronald J. Achee, Shreveport, Gerald F. Thomas, Natchitoches, for plaintiff-relator.
Constant G. Marquer, Jr., New Orleans, for defendant-respondent.

DISCIPLINARY PROCEEDING
DENNIS, Justice.
Respondent was convicted under 26 U.S. C.A. § 7201 of two counts of willful attempt to evade or defeat income tax and under 26 U.S.C.A. § 7206(1) of one count of willfully making and subscribing false personal income tax returns.[1] It was charged in the indictment that the respondent received taxable income of some $141,070 in 1973 on which he owed some $67,450 in income tax and self-employment tax, but paid only $13,810; that in 1974 the respondent received taxable income of some $130,448, on which he owed some $64,018 but paid only $12,732; and that for the calendar year 1975 respondent willfully and knowingly made and subscribed an income tax return which he did not believe to be true and correct in that it reported interest income in the amount of $38,369, whereas, he knew he had received interest income in the amount of some $48,698.
The respondent entered a plea of nolo contendere to each count. The district court sentenced him to imprisonment for a period of nine (9) months, and to pay a fine of $5,000 in $150 monthly installments, on the first count of income tax evasion. The district court suspended imposition of sentence on the second count of income tax evasion and the single count of willful false declaration of income and placed respondent on probation for a period of three years.
*525 The elements of attempt to evade income tax, 26 U.S.C.A. § 7201, commonly known as "income tax evasion," are a substantial income tax deficiency, willfulness, and some affirmative act constituting an attempt to evade or defeat the tax. United States v. Afflerbach, 547 F.2d 522 (10th Cir. 1977). Willful making and subscribing a false income tax return, 26 U.S.C.A. § 7206(1) is a fraud statute. Unlike section 7201, it requires the prosecution to prove neither intent to evade payment of taxes nor the existence of any taxable income. As it relates to this case, it requires simply that the government prove that defendant willfully made and subscribed a return, that it contained a written declaration that it was made under penalty of perjury, and that defendant did not believe the return to be true and correct as to every material matter. United States v. Taylor, 574 F.2d 232 (5th Cir. 1978).
A plea of nolo contendere is tantamount to an admission of guilt and, for purposes of disciplinary proceedings, equivalent to a plea of guilty. LSBA v. Edwards, 322 So.2d 123 (La.1975); LSBA v. Connolly, 201 La. 342, 9 So.2d 582 (1942).
The willful attempt to evade or defeat income tax, 26 U.S.C.A. § 7201, commonly referred to as "income tax evasion," is a felony punishable by a fine of $10,000 and imprisonment for five years. The willful making and subscribing of a false personal income tax return is also a felony punishable by a fine of $5,000 and imprisonment for three years. Both of these felonies involve moral turpitude. See LSBA v. Ponder, 340 So.2d 134, 148 (La.1976).
In Louisiana any person who willfully fails to collect or truthfully account for or pay over any income tax, penalty or interest, shall in addition to all other penalties, be fined not more than ten thousand dollars or imprisoned, with or without hard labor, for not more than five years, or both. La. R.S. 47:1641 (Acts 1972 No. 366). Willful failure to file a tax return or willful filing of a false return with the intent to defraud the state or evade the payment of tax shall result in a fine of not more than one thousand dollars or imprisonment for not more than one year or both. La.R.S. 47:1642. The intentional failure to file a return is punishable by a fine of not more than five hundred dollars or by imprisonment for not more than six months. La.R.S. 47:107.
A lawyer owes a professional duty to refrain from illegal conduct involving moral turpitude, conduct involving dishonesty, fraud, deceit, misrepresentation or conduct that is prejudicial to the administration of justice. Disciplinary Rule 1-102(A)(3)-(5). Any serious breach of law which demonstrates that a lawyer is unable or likely to be unable to discharge his professional duties warrants discipline. LSBA v. Levy, 400 So.2d 1355 (La.1981); LSBA v. Bensabat, 378 So.2d 380 (La.1979); LSBA v. Phillips, 363 So.2d 667 (La.1978). The purpose of lawyer discipline proceedings is to maintain appropriate standards of professional conduct in order to protect the public and the administration of justice from lawyers who have demonstrated those shortcomings. LSBA v. Levy, supra; LSBA v. Bensabat, supra; LSBA v. Quaid, 368 So.2d 1043 (La.1979). The discipline to be imposed in a particular case depends upon the seriousness of the offense, fashioned in light of the purpose of lawyer discipline, taking into account aggravating and mitigating circumstances. LSBA v. Levy, supra; LSBA v. Bensabat, supra; see ABA Joint Committee on Professional Discipline, Standards for Lawyer Disciplinary and Disability Proceedings § 7.1, p. 113 (1979).
The record does not afford great detail as to aggravating or mitigating circumstances from which we may fashion the discipline. The Committee bears the burden of proving any aggravating circumstances, and the respondent has the responsibility of proving mitigating circumstances in his favor. In cases arising from guilty pleas, when evidence of aggravation or mitigation is sparse or absent, we have adopted the practice of basing our decision upon the statutory crime definition, the facts stated in the indictment and any other evidence, admission, or stipulation in the record. Unless it appears that a miscarriage of justice will *526 result, we will not burden the parties by remanding the case for further evidence but will resolve the case on the record presented.
The respondent has been convicted of two counts of willfully evading the payment of federal income taxes. He intentionally evaded payment of a total of some $105,000 in taxes in the calendar years 1973 and 1974. He was also convicted of one count of knowingly making and signing an income tax return for the 1975 calendar year which reported interest income in the amount of some $38,369 when he knew he had received $48,698 in this type income. He has not paid any of the taxes he evaded or falsely underreported.
The respondent, now 60 years old, practiced law approximately 16 years in New Orleans without a blemish against his record. He is a former assistant city attorney and served as a judge ad hoc in the municipal and traffic courts. According to facts of which the commissioner took cognizance, he enjoys the respect of his fellow members of the bar. He claims that he voluntarily suspended his professional activities when he learned of the tax fraud investigation over two years ago. He has not appeared in court or rendered any legal advice for a fee. He concedes, however, that he has continued to receive income from cases he turned over to his law partner and that he has handled some correspondence as an attorney. He paid the $5000 fine and served five months and twenty-two days of his sentence at Elgin Air Force Base before being released on probation. His crimes did not involve his clients' funds or otherwise jeopardize their interests.
The respondent maintains that he in truth is innocent of the charges against him. However, a respondent cannot seek to try again the issue of guilt after he has been convicted. Our rule provides that the certificate of conviction is conclusive evidence of the guilt of the crime for which he was convicted. Articles of Incorporation of the Louisiana State Bar Association, Art. 15 § 8(7)(c). Moreover, the facts alleged in respondent's post argument brief, instead of exculpating him, tend to confirm that he knowingly and falsely characterized a credit sale of real estate as a cash sale and interest income as return of principal on his income tax return.
In LSBA v. Ponder, 340 So.2d 143 (La. 1976), the attorney, who was convicted of two counts of willfully making and subscribing false income tax returns, 26 U.S. C.A. § 7206(1), was suspended from the practice of law for six months. This court held that the crime certainly evidences moral turpitude but, because it is less serious than income tax evasion, 26 U.S.C.A. § 7201, and the respondent had a good reputation, the harshest penalty was not appropriate. Id. at 148.
As we indicated in LSBA v. Ponder, supra, income tax evasion also evidences moral turpitude and is a much more serious crime than willfully making and subscribing a false income tax return. It is a form of dishonesty by which the government is fraudulently deprived of taxes lawfully due it for purposes of the national defense and the public good. The respondent has been convicted of evading tax in two successive years and of willfully filing a false return in a third year. Because of an attorney's position in society his commission of these three separate felonies tends to lessen public confidence in the legal profession and to encourage disrespect for the law. The repetitive serious nature of the criminal activity itself, in the absence of extensive mitigating circumstances not here shown, demonstrates such a grave lack of fidelity to the lawyer's duty to uphold and respect the laws as to require disbarment or other serious discipline in order to protect the public and the administration of justice.
The Commissioner who conducted the evidentiary hearing in this case recommended merely that the respondent should be reprimanded for his disciplinary infractions. The Committee on Professional Responsibility of the Louisiana State Bar Association concurred in this recommendation. These recommendations are flawed to some extent by the Commissioner's erroneous findings *527 that the crimes do not involve moral turpitude and that the respondent was innocent of the crimes. As we noted earlier, under our rule respondent cannot retry the issue of guilt and the crimes clearly involve moral turpitude.
Considering the recommendation of the Commissioner, although its weight is diminished for the reasons expressed, the mitigating and aggravating circumstances, and the precepts applicable to this case, we conclude that, while disbarment is not appropriate in this case, a substantial period of suspension from practice must be imposed.

Decree
It is ordered, adjudged and decreed that Frank C. O'Halloran, Jr., respondent, shall have his license to practice law in the state of Louisiana suspended for a period of three years, and that all costs of these proceedings be paid by respondent.
SUSPENSION ORDERED.
LEMMON, J., dissents.
MARCUS, J., dissents and assigns reasons.
MARCUS, Justice (dissenting).
In view of respondent's two-year voluntary withdrawal from the practice of law, his unblemished record as a practicing attorney for sixteen years, and the Commissioner's recommendation for a public reprimand which was concurred in by the Committee on Professional Responsibility of the Louisiana State Bar Association, I believe suspending respondent from the practice of law for one year would be an adequate disciplinary measure under the circumstances. Accordingly, I respectfully dissent.
NOTES
[1] 26 U.S.C.A. § 7201 provides:

Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 5 years, or both, together with the costs of prosecution.
26 U.S.C.A. § 7206(1) provides:
Any person who
(1) Declaration under penalties of perjury. Wilfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter; or * * *.