DIXON, Chief Justice.
The basis of these disciplinary proceedings against Dinty Warmington Whiting is his conviction of violations of Title 18, Sections 2, 1343 and 371 of the United States Code (mail fraud) in the United States District Court for the Southern District of New York on March 30, 1961. Respondent was sentenced to serve four years and seven months on each of four counts, to run concurrently. He completed his sentence through a combination of time served in federal penal institutions and time on parole.
As the respondent was not a resident of this state at the time of his crime and had had only a brief Louisiana practice, the conviction did not come to the attention of *726 the Louisiana State Bar Association until 1972. On October 3,1972 the Committee on Professional Responsibility filed with this court a “Motion and Order for Suspension from the Practice of Law.” This court’s order issued on October 4, 1972 suspending Dinty Warmington Whiting from the practice of law and ordering the Committee on Professional Responsibility to proceed with necessary disciplinary proceedings.
A petition for disciplinary aetion was filed by the Committee on Professional Responsibility on February 20, 1974, but was never served on the respondent; he could not be located by the committee.
These proceedings lay dormant until Whiting, for personal and business reasons, decided to return permanently to Louisiana with hopes of reviving a law book publishing company whose operations had been suspended after the publication of its first volume. In connection with his return to Louisiana, respondent engaged the services of an attorney in this matter and an answer to the committee’s petition was filed on January 13, 1982. A commissioner was appointed and a hearing was conducted. A report was prepared containing the commissioner’s findings of fact and conclusions of law, including specifically the commissioner’s findings that the crime of which the respondent was convicted is a serious crime and warrants discipline. It was the commissioner’s recommendation that the respondent be disbarred.
The committee filed a concurrence to the report of the commissioner agreeing with the commissioner’s findings, conclusions and recommendation. The respondent has not filed any exceptions to the report.
The commissioner’s report indicates that respondent was found guilty of “unlawfully, willfully and knowingly transmitting and causing to be transmitted by means of wire and radio in foreign commerce certain writings, signals and sounds, to wit, cables, for the purpose of executing a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations and promises from the Bank of America and the Banco do Brasil and conspiracy so to do.” Respondent’s appeal and application for writs were unsuccessful, and his conviction became final. The commissioner found that the felony violations of which the respondent was convicted reflected on respondent’s moral fitness to practice law.
The report also states that no mitigating circumstances were offered in respondent’s favor. To the contrary, the commissioner found that Whiting was again (in 1971) indicted for mail fraud and conspiracy to sell unregistered stock, but was granted immunity. Whiting’s own testimony concerning his activities since does not inspire confidence in his moral fitness to practice law. The delay in these proceedings has been caused by his own conduct.
A lawyer owes a professional duty to refrain from illegal conduct involving moral turpitude, conduct involving dishonesty, fraud, deceit, or misrepresentations, conduct that is prejudicial to the administration of justice, and conduct that adversely reflects on his fitness to practice law. DR l-102(A)(3)-(6). A serious breach of law warrants discipline when it indicates that the lawyer is unable to discharge his professional duties, Louisiana State Bar Association v. O’Halloran, 412 So.2d 523 (La.1982); Louisiana State Bar Association v. Levy, 400 So.2d 1355 (La.1981); Louisiana State Bar Association v. Bensabat, 378 So.2d 380 (La.1979), since the purpose of lawyer discipline is to protect the public by maintaining appropriate standards of professional conduct. Louisiana State Bar Association v. O’Halloran, supra; Louisiana State Bar Association v. Levy, supra. The discipline to be imposed in a particular case depends on the seriousness of the offense, the circumstances of the offense and the extent of aggravating and mitigating circumstances. Louisiana State Bar Association v. O’Halloran, supra; Louisiana State Bar Association v. Bensabat, supra.
The Committee on Professional Responsibility introduced into the record of these proceedings the certified copy of the certificate of conviction. The respondent’s *727 answer in this proceeding admits the conviction and relates in detail the circumstances of the crime with a view to showing that the acts of which he was convicted are not connotative of a moral unfitness to practice law. The essence of respondent’s argument is that he had no knowledge of the scheme to defraud. Since this is inconsistent with an essential element of the crime, respondent may not seek a redeter-mination of this issue in these proceedings. Louisiana State Bar Association v. Hamilton, 343 So.2d 985, 991-92 (La.), cert. den. 434 U.S. 835, 98 S.Ct. 124, 54 L.Ed.2d 97 (1977); Articles of Incorporation of the Louisiana State Bar Association, Art. 15, Section 8, Paragraphs 7(c) and 7(d).
Whiting was convicted of mail fraud, a serious crime involving moral turpitude, along with five codefendants, with respondent’s sentence being the most severe given. He was also convicted on each of the four counts charged. This court has previously ordered disbarment in proceedings based on convictions involving mail fraud. See Louisiana State Bar Association v. Tunis, 352 So.2d 623 (La.1977); Louisiana State Bar Association v. Hamilton, supra; Louisiana State Bar Association v. Hennigan, 340 So.2d 264 (La.1976), appeal dismissed, 430 U.S. 925, 97 S.Ct. 1540, 51 L.Ed.2d 769 (1977); Louisiana State Bar Association v. Shaheen, 338 So.2d 1347 (La.1976); Louisiana State Bar Association v. Loridans, 338 So.2d 1338 (La.1976). Contra, Louisiana State Bar Association v. Heymann, 405 So.2d 826 (La.1981) (substantial mitigating circumstance of compulsive gambling).
Respondent suggests that the conviction underlying these proceedings was over twenty years ago with the release from sentence being over sixteen years ago. Further, respondent has been suspended from the practice of law for the past ten years. While these factors could certainly be considered among mitigating circumstances, in this case the respondent’s activities and involvements since his conviction confirm that he is morally unfit to enjoy the privilege of practicing law. Disbarment is required in order to protect the public and the administration of justice.
Accordingly, for the reasons assigned, it is ordered, adjudged and decreed that the name of Dinty Warmington Whiting be stricken from the roll of attorneys and his license to practice law in the State of Louisiana be revoked effective October 4, 1972, the date of this court’s order suspending him from the practice of law.