449 So.2d 1017 (1984)
LOUISIANA STATE BAR ASSOCIATION
v.
Jimmie A. BRUMFIELD, II.
No. 82-B-2938.
Supreme Court of Louisiana.
April 2, 1984.
Rehearing Denied May 25, 1984.
Thomas O. Collins, Jr., Richard A. Deas, Wood Brown, III, New Orleans, Robert J. Boudreau, Lake Charles, Sam J. D'Amico, Baton Rouge, Carrick R. Inabnett, Monroe, Harold J. Lamy, New Orleans, Alfred S. Landry, New Iberia, Philippi P. St. Pee', Metairie, Roland J. Achee, Shreveport, Gerard F. Thomas, Natchitoches, for relator.
J. Stacy Freeman, Bossier City, Michael S. Fawer, Fawer, Brian, Hardy & Zatzkis, New Orleans, for respondent.
CALOGERO, Justice.
This disciplinary proceeding arose out of the felony conviction of Jimmie A. Brumfield, II (a member of the bar of this state since October 7, 1977), in the United States District Court for the Western District of Louisiana. On June 14, 1982, after a bench trial, Brumfield was found guilty of conspiracy to assist the escape and attempted escape of one Garvin Dale White, in violation of 18 U.S.C. 371,[1] and knowingly and willfully aiding and assisting the escape of Garvin Dale White from the Shreveport City Jail, in violation of 18 U.S.C. 752(a).[2] Brumfield was sentenced to two years imprisonment on the conspiracy count and he received a suspended sentence with supervised *1018 probation for a period of five years to commence upon completion of the confinement sentence, on the assisting escape count.
Pursuant to Section 8(3) of Article XV of the Articles of Incorporation of the Louisiana State Bar Association, and based upon Brumfield's conviction, the Committee on Professional Responsibility filed a report with this Court in which they asserted their contention that the crimes for which Brumfield was convicted were serious crimes which reflected on his moral fitness to practice law. On January 25, 1983, this Court, pursuant to Section 8(4) of Article XV, issued an order suspending Brumfield from the practice of law.
After the conviction became final the Committee filed a Petition for Disciplinary Action. We appointed a Commissioner who conducted hearings, at which respondent appeared represented by counsel, on July 12, 1983, and August 29, 1983. The Commissioner concluded that "... respondent has been convicted of very serious crimes which reflect adversely on his fitness to practice law..." The Commissioner recommended that Brumfield "be suspended from the practice of law for such period as this Court may fix", and suggested that the suspension not exceed three years from the date of his incarceration on June 24, 1982. The Committee filed a Concurrence and Opposition to the report of the Commissioner in which they agreed with the findings of the Commissioner concerning the seriousness of the crimes for which Brumfield was convicted. The Committee, however, disagreed with the Commissioner's recommendation of a suspension, and asserted that disbarment would be the appropriate disciplinary sanction.
Article XV, Section 8(7)(d) of the Articles of Incorporation of the Louisiana State Bar Association sets forth the rule to be followed when a member of the bar has been convicted of a crime and all appeals have been concluded or exhausted.
(d) At the hearing based upon a respondent's conviction of a crime, the sole issue to be determined shall be whether the crime warrants discipline, and if so, the extent thereof. At the hearing the respondent may offer evidence only of mitigating circumstances not inconsistent with the essential elements of the crime for which he was convicted as determined by the statute defining the crime.
Thus, the sole issue to be determined by this Court in a disciplinary hearing based on conviction of a crime is whether the crime warrants discipline, and if so, the extent thereof. Louisiana State Bar Association v. Quaid, 368 So.2d 1043, 1045 (La.1979); Louisiana State Bar Association v. Loridans, 338 So.2d 1338, 1347 (La.1976). The discipline to be imposed in a particular case depends on the seriousness of the offense, the circumstances of the offense, and the extent of aggravating and mitigating circumstances. Louisiana State Bar Association v. Whiting, 425 So.2d 725, 726 (La.1983); Louisiana State Bar Association v. O'Halloran, 412 So.2d 523, 525 (La.1982); Louisiana State Bar Association v. Bensabat, 378 So.2d 380, 382 (La.1979).
The circumstances out of which the federal conviction arose occurred during Brumfield's representation of a client, one Garvin Dale White, who, at the time, was a federal prisoner being held in the Shreveport City Jail. On November 1, 1980, White literally walked out of the jail while Brumfield distracted the jailer. The United States District Court Judge found that Brumfield's involvement in the crime consisted of diverting the jailer's view of what was going on and providing the prisoner money, civilian clothes and transportation to get away from the jail.
*1019 Conspiracy to assist, and aiding in the escape of a prisoner, is no less serious a crime than others for which this Court has found disbarment to be the appropriate penalty. See Louisiana State Bar Association v. Whiting, supra (mail fraud); Louisiana State Bar Association v. Bensabat, supra (conspiracy to import cocaine into the United States, conspiracy to possess with intent to distribute cocaine and possession with intent to distribute approximately 966 grams net of cocaine hydrochloride); Louisiana State Bar Association v. Quaid, supra (burglary involving theft of property bonds); Louisiana State Bar Association v. Thierry, 366 So.2d 1305 (La. 1978) (a federal felony in connection with subornation of a witness); Louisiana State Bar Association v. Philips, 363 So.2d 667 (La.1978) (felony theft of $88,945.30 of client's funds); Louisiana State Bar Association v. Tunis, 352 So.2d 623 (La.1977) (his participation in a mail fraud conspiracy).
In mitigation, Brumfield seeks to establish that at the time of the offense he was "mentally exhausted and practically on the verge of a breakdown." This condition was presumably caused by financial problems, overwork, and various other pressures one might experience while trying to build a law practice. (At the time of the offense Brumfield had only been practicing law a little over three years, although he was thirty-three years old. He and his wife, also a young lawyer, had recently set up a practice of their own.) Brumfield alleges that in this pathetic condition he somehow fell prey to the "manipulative," "shrewd", "cunning", and "penetrating" personality of Garvin Dale White. As further proof of mitigation Brumfield offered testimony of seventeen witnesses (including friends, former clients, law enforcement officers and members of the bar) which testimony purported to establish Brumfield's good character and reputation, diligent work habits and his competence as an attorney.
We have determined that the "mitigating circumstances" are insufficient to warrant a penalty less than disbarment. The crimes for which Brumfield was convicted are serious crimes which were directly connected with his practice of law and certainly reflect on his fitness to practice law. The offenses run afoul of at least four basic tenets of the Code of Professional Responsibility:
Disciplinary Rule 1-102 provides in part:
(A) A lawyer shall not:
(3) Engage in illegal conduct involving moral turpitude.
(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.
(5) Engage in conduct that is prejudicial to the administration of justice.
Disciplinary Rule 7-102 provides in part:
(A) In his representation of a client, a lawyer shall not:
(7) Counsel or assist his client in conduct that the lawyer knows to be illegal or fraudulent.
Violations of the above professional standards indicate a lack of moral fitness for the practice of law. Disbarment is required in order to protect the public, the administration of justice and the integrity of the legal system.

Decree
For the reasons assigned it is ordered, adjudged and decreed that the name of Jimmie A. Brumfield, II, be stricken from the Roll of Attorneys and his license to practice law in the State of Louisiana is hereby revoked, respondent to bear all costs of this proceeding.
NOTES
[1] 18 U.S.C. 371 provides in part:

If any two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined not more than $10,000 or imprisoned not more than five years, or both. * * *
[2] 18 U.S.C. 752(a) provides in part:

Whoever rescues or attempts to rescue or instigates, aids or assists the escape, or attempt to escape, of any person arrested upon a warrant or other process issued under any law of the United States, or committed to the custody of the Attorney General or to any institutiuon or facility by his direction, shall, if the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense, be fined not more than $5,000 or imprisoned not more than five years, or both; * * *