|, LEMMON, J.,
Dissenting
Respondent’s guilty plea to one count of willfully making and subscribing a false tax return under 26 U.S.C. § 7206(1) is the primary basis upon which the majority *228 imposes a lengthy suspension this matter.[1] I disagree with the severity of the penalty for several reasons.
First, the tax offense to which respondent pleaded guilty is much less serious than that involved in Louisiana State Bar Ass’n v. O’Halloran, 412 So.2d 523 (La.1982), cited by the Disciplinary Board.[2] The O’Halloran decision, in which this court imposed a three-year suspension, involved convictions of two counts for two consecutive years of tax evasion, a much more serious crime that requires intent as an essential element, as well as one count for the same offense to which respondent pleaded guilty. In addition to the multiple offenses, two of which were much more serious than respondent’s single offense, the O’Halloran case also differs from the | ¡^present case in that O’Halloran received a criminal sentence of actual imprisonment and never paid any of the taxes evaded or falsely underreported, whereas respondent received no jail time and paid all of the underreported taxes in full. Indeed, this case is closer factually to Louisiana State Bar Ass’n v. Ponder, 340 So.2d 134 (La.1976), in which an attorney was suspended for six months after conviction of two counts of the same offense to which respondent pleaded guilty.
Moreover, there was also evidence in the present case that tended to lessen respondent’s culpability for the offense. During the disciplinary hearing, respondent introduced testimony of an expert in accounting, who was a former Internal Revenue Service (IRS) agent and who represented respondent in the criminal case before the IRS. The accountant recommended the IRS District Counsel that the underreport-ing should be handled as a civil matter because it did not have the dishonesty feature usually found in such cases or any attempt to conceal wrongdoing.[3] The accountant, explaining the underreporting as a mistake, recommended that “this case should be returned to the Examination Division for civil settlement and the assertion of a negligence penalty at most.” According to the uncontradicted testimony of the accountant at the disciplinary hearing, all of the unreported income was deposited in the bank,[4] and respondent mistakenly claimed certain expenses without reporting corresponding income. Thus the element of intent, which is an essential element of the more severe crime of tax evasion, was missing in this case (which was probably lathe reason the government pursued the less serious offense).
Given the nature of the underlying offense which was more in the nature of civil than criminal conduct, coupled with the serious health problems of both respondent and his wife, the federal judge, who is not known for light sentences, gave respondent no jail time. These same reasons prompted this court to deny the earli *229 er request in this case to issue an interim suspension.
While I agree with the majority that a two-year suspension is warranted for this type of offense, particularly considering respondent’s prior reprimand issued by this court, the mitigating circumstances and the manner of commission of the underlying crime warrant a deferral of one of the two years of suspension, followed by a period of probation.

. As to the second charge of improperly communicating with a party represented by counsel, disciplinary counsel conceded at oral argument that “we would not be here” on this charge alone. Accordingly, I do not address the very troublesome question of whether an adjuster for a governmental agency is a “client” within the contemplation of Rule 4.2. However, I note that the Hearing Committee, which recommended a penalty less severe than that imposed by the majority considered multiple offenses as an aggravating factor.

. Respondent’s offense, however, was more serious than those in In re: Huckaby, 96-2643 (La.5/20/97); 694 So.2d 906, and In re: Stout, 97-0217 (La.5/20/97); 694 So.2d 908, which involved failure to file tax returns for which this court imposed penalties of one year, with six months deferred, and eighteen months, with six months deferred, respectively.

. Consideration of the nature of the underre-porting, for the purpose of determining a lesser degree of culpability, does not constitute a retrial of the issue of guilt in violation of the rule that the certificate of conviction is conclusive evidence of guilt. The offense to which respondent pleaded guilty does not require criminal intent, and evidence of the lack of criminal intent truly goes to the degree of culpability rather than to the guilt of the charged offense.

. The accountant stated that the accused in most fraud cases does not deposit into the bank the money he or she does not report.