Dear Mayor Beckwith:
You ask this office to advise whether or not the law prohibits the governing authority for the City of Tallulah from hiring in an unclassified position, or contracting with as a consultant, an individual previously convicted of "attempt to evade or defeat tax", a federal felony offense under 26 U.S.C.A. § 7201, [1] commonly known as "income tax evasion," where this person has completed his period of incarceration and is currently on supervised probation.[2]
We first point out that there are certain collateral consequences imposed by legislative acts which place civil disabilities on a felon, "not as punishment for crime but to promote policies of protection for the public." Malone v. Shyne, 41,781 (La.App. 2d. Cir. 8/29/06)936 So.2d 1279, 1287; affirmed, 2006-2190 (La. 9/13/06) 937 So.2d 343.[3]
Of potential concern here is La.R.S. 37:2950, [4] *Page 2 
which requires the disqualification from licensure of a person who has been convicted of a felony where such conviction directly relates to the position of employment sought. However, we find this statute to be inapplicable here, as you have advised this office that this person would not be employed by the municipality in a position requiring licensure by the state or its political subdivisions.
We also mention the provisions of La.R.S. 42:1414, [5] which require termination of the employee-employer relationship existing between a municipal employee and a municipality "upon conviction, during his employment, of a felony as defined by the laws of this state or by the laws of the United States." Although La.R.S. 42:1414 mandates the termination of employment of a municipal employee upon conviction of a felony during his employment, this statute is also inapplicable here, because the language of the state does not prohibit the hiring of a person convicted of a felony prior to his employment.
We suggest that the City's municipal ordinances and any written policy manual governing municipal employees should be reviewed for restrictions against employing in a particular position an individual convicted of any crime involving moral turpitude. The Louisiana Supreme Court has determined that income tax evasion is a crime which evidences moral turpitude. Louisiana State Bar Association v. O'Halloran, 412 So.2d 523,525 (La. 1982); Louisiana State Bar Association v. Ponder, 340 So.2d 143
(La. 1976). Further, "it seems in Louisiana at least that crimes involving moral turpitude embrace felonies willfully committed by the defendant that downplay his professional integrity and trustworthiness."See La. Atty. Gen. Op. 85-224, discussing jurisprudence cited therein.
In summary, it is the opinion of this office that no general state law prohibits the City of Tallulah from hiring a person previously convicted of federal income tax *Page 3 
evasion. In the absence of any City ordinance or employment policy prohibiting the employment of persons convicted of a crime involving moral turpitude, we are unaware of any other legal impediment which would prohibit the employment of this person by the City of Tallulah.
We hope the foregoing is helpful to you. Should you have other questions with which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY: __________________________ KENNETH C. DEJEAN GENERAL COUNSEL
 KCD:arg
[1] 26 U.S.C.A. § 7201 provides:
7201. Attempt to evade or defeat tax
Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $100,000 ($500,000 in the case of a corporation), or imprisoned not more than 5 years, or both, together with the costs of prosecution.
[2] You also advise this office that this person was formerly licensed to practice law in the State of Louisiana, but because of his felony conviction, he has been sanctioned by the Louisiana Supreme Court, and the status of his license is at least suspended. In any event, you advise this office that the City would not be hiring him as legal counsel.
[3] See various Louisiana statutes restricting the licensure of convicted felons, including La.R.S. 4:150 (horse owners, trainers, jockeys and riders); La.R.S. 37:921 (registered nurses); La.R.S. 37:1437
(real estate sales); La.R.S. 37:3219 (radiologic technologists); La.R.S.37:3396 (real estate appraisers); La.R.S. 37:3469 (wholesale drug distribution); La.R.S. 40:1235.2 (ambulance providers); La.R.S. 47:818.41
(gasoline and diesel fuel); La.R.S. 47:7005 (gaming equipment).
[4] La.R.S. 37:2950(A) provides:
§ 2950. Felony convictions' effect on trade, occupational, and professional licensing A. Notwithstanding any other provisions of law to the contrary, a person shall not be disqualified, or held ineligible to practice or engage in any trade, occupation, or profession for which a license, permit or certificate is required to be issued by the state of Louisiana or any of its agencies or political subdivisions, solely because of a prior criminal record, except in cases in which the applicant has been convicted of a felony, and such conviction directly relates to the position of employment sought, or to the specific occupation, trade or profession for which the license, permit or certificate is sought.
[5] La.R.S. 42:1414 provides:
1414. State, district, parish, ward, and municipal employees; termination for conviction of a felony The employee-employer relationship existing between a state, district, parish, ward, or municipal employee, whether classified or unclassified, and the state, district, parish, ward, or municipality, as applicable, shall be terminated and such employee shall be removed from his position of employment with the state, district, parish, ward, or municipality, as applicable, upon conviction, during his employment, of a felony as defined by the laws of this state or by the laws of the United States. Within ten days after a conviction is final and all appellate review of the original trial court proceedings is exhausted, the appointing authority of the employing agency shall terminate any state, district, parish, ward, or municipal employee who is convicted of a felony and is holding a position of employment with such agency. For the purposes of Article X, Section 8(A) and Article X, Section 46(A) of the Louisiana Constitution and any provision of law relating to disciplinary action taken against a state employee including any provision of law relating to post-employment benefits, final conviction of a felony shall be a cause for termination of a state, district, parish, ward, or municipal employee.