444 So.2d 608 (1984)
LOUISIANA STATE BAR ASSOCIATION
v.
Rudolph R. SCHOEMANN.
No. 82-B-2142.
Supreme Court of Louisiana.
January 16, 1984.
*609 Thomas O. Collins, Jr., Richard A. Deas, Wood Brown, III, New Orleans, Robert J. Boudreau, Lake Charles, Sam J. D'Amico, Baton Rouge, Carrick R. Inabnett, Monroe, Harold J. Lamy, New Orleans, Alfred S. Landry, New Iberia, Philippi P. St. Pee', Metairie, Roland J. Achee, Shreveport, Gerard F. Thomas, Jr., Natchitoches, for relator.
Matt Greenbaum, New Orleans, for respondent.
DIXON, Chief Justice.
The Committee on Professional Responsibility of the Louisiana State Bar Association brought this disciplinary proceeding against Rudolph R. Schoemann, a practicing attorney for approximately thirty years. Respondent attorney had pleaded guilty to willful evasion of income taxes in violation of 26 U.S.C. § 7201. He was sentenced in federal court to serve three years, at least one hundred twenty days of which to be in a jail-type institution or treatment type facility.
Mr. Schoemann served seven weeks at the Federal Correctional Institution at Fort Worth, Texas and served seven weeks at the Community Residential Center in New Orleans. The remainder of his sentence was suspended. Upon his release, Mr. Schoemann was placed on three years active probation and was required to make restitution to the government as a special condition of the probation.
The federal grand jury indictment charged Mr. Schoemann with willfully and knowingly attempting to evade and defeat a large part of the income tax due and owing by him to the United States of America for the calendar years 1974, 1975 and 1976. He filed a false and fraudulent return stating his taxable income for 1974 to be zero when it was actually $50,728.14, and stating his self employment tax to be $261.80, when in fact $7,591.02 was due and owing.
For calendar year 1975, he reported taxable income of $5,969.91 instead of $98,993.22, the true amount, and reported $154.13 in tax due when he owed $33,601.00.
For calendar year 1976, he reported a taxable income of zero, with zero in tax owing, when in fact he owed $41,465.14 in taxes on taxable income of $95,099.85.
Mr. Schoemann pleaded guilty to willful evasion of income taxes for the calendar year 1975, the second count of the indictment. He was suspended from federal practice from April, 1982 until June, 1983.
The willful attempt to evade or defeat income tax liability, commonly referred to as income tax evasion, 26 U.S.C. § 7201, is a felony, punishable by a fine of $10,000 ($100,000 for offenses committed after September 3, 1982) and imprisonment for five years. The elements of the crime include a *610 substantial income tax deficiency, willfulness and some affirmative act constituting an attempt to evade or defeat the tax. United States v. Afflerbach, 547 F.2d 522, 524 (10th Cir.1976), cert. den. 429 U.S. 1098, 97 S.Ct. 1118, 51 L.Ed.2d 546 (1977).
The Committee on Professional Responsibility has determined that this is a serious offense, and that disciplinary proceedings are warranted. Articles of Incorporation, LSBA, Art. 15, § 8.
The primary purpose of disciplinary proceedings is not to punish the attorney, but rather to maintain appropriate standards of professional conduct in order to safeguard the public, to preserve the integrity of the legal profession, and to deter other attorneys from engaging in violations of the Code of Professional Responsibility. The discipline to be imposed will depend upon the seriousness of the offense and the facts and circumstances peculiar to the case, examined in light of the purpose of disciplinary proceedings and taking into account both aggravating and mitigating circumstances. Louisiana State Bar Association v. Bubert, 421 So.2d 831, 833 (La.1982).
Mr. Schoemann's actions constituted a violation of the Code of Professional Responsibility. Disciplinary Rule 1-102(A)(4) states that a lawyer shall not engage in conduct involving dishonesty, fraud, deceit or misrepresentation. Income tax evasion is a form of dishonesty by which the government is fraudulently deprived of taxes lawfully due it for purposes of the national defense and the public good. Commission of this felony by an attorney tends to lessen public confidence in the legal profession and to encourage disrespect for the law. Louisiana State Bar Association v. O'Halloran, 412 So.2d 523, 526 (La.1982).
Mr. Schoemann freely admits that his acts were intentional and not the result of an oversight. He does, however, offer evidence of mitigating circumstances.
Mr. Schoemann was divorced from his wife in 1969, losing custody of his four children. He experienced deep depression, had serious health problems and sought to commit suicide. He began an association with a woman who had emotional and legal problems and represented her in her legal matters for little compensation. His practice suffered as a consequence.
Mr. Schoemann claims that his tax evasion was motivated by two factors. He felt unfairly treated in an earlier IRS audit, and sought to retaliate against the IRS. Secondly, believing that his problems would lead to his death, he evaded his income taxes to place money in a trust fund that would provide for his children after his death.
Mr. Schoemann's conviction did not result from his practice as an attorney, nor were any of his clients or their funds involved. Before these events, Mr. Schoemann enjoyed a very good reputation in the legal community. Since then, he has expressed his regret and has taken steps to restore his reputation. He has made arrangements to make restitution to the government, and has hired a certified public accountant to assist him. He has obtained psychiatric treatment for his emotional problems.
The commissioner assigned to conduct the hearing in this matter recommended that Mr. Schoemann be placed on probation for one year, and that the petition for disciplinary proceedings be dismissed after that year if he showed substantial progress in resolving his personal, physical, financial and psychological problems.
The Committee on Professional Responsibility rejected that recommendation, noting that Mr. Schoemann's personal tragedies do not obviate the necessity for discipline, given the seriousness of this offense. We agree with the committee that Mr. Schoemann should be suspended from the practice of law for one year for his violation of DR 1-102 and for his willful tax evasion. Mr. Schoemann committed a serious breach of the law and of the disciplinary rules that govern the conduct of this state's attorneys. Such behavior should not go unpunished. Nevertheless, there are strong mitigating *611 factors present which should moderate the punishment.
It is therefore ordered that respondent Rudolph R. Schoemann be suspended from the practice of law for a period of one year, and be cast with the cost of these proceedings.