456 So.2d 990 (1984)
LOUISIANA STATE BAR ASSOCIATION
v.
Louis C. PAIGE.
No. 82-B-1700.
Supreme Court of Louisiana.
June 25, 1984.
Rehearing Denied October 25, 1984.[*]
Thomas O. Collins, Jr., Richard A. Deas, Wood Brown, III, New Orleans, Robert J. Boudreau, Lake Charles, Sam J. D'Amico, Baton Rouge, Carrick R. Inabnett, Monroe, Harold J. Lamy, New Orleans, Alfred S. Landry, New Iberia, Philippi P. St. Pe้, Metairie, Roland J. Achee, Shreveport, Gerard F. Thomas, Natchitoches, Counsel for applicant.
Louis C. Paige, in Pro. Per.

DISCIPLINARY PROCEEDING
DIXON, Chief Justice.
On February 9, 1981 respondent Louis Charles Paige entered a plea of nolo contendere to the charge that he "willfully and *991 knowingly embezzle[d] and misappl[ied] the sum of $7,000" in violation of 18 U.S.C. งง 2, 657. Pursuant to Art. XV, ง 8 of the Articles of Incorporation of the Louisiana State Bar Association, the Committee on Professional Responsibility determined that this crime was a "serious crime" which reflected on Paige's moral fitness to practice law. This court concurred, and Paige was suspended from the practice of law on September 23, 1982. 419 So.2d 1246.
Once the conviction was final, the committee filed a petition for disciplinary action pursuant to Art. XV, ง 8, para. 7. Paige failed to respond. On August 2, 1983 a commissioner was appointed. After the hearing the commissioner filed a report in which he recommended disbarment. The committee concurred in the report. Paige has filed no exceptions to this report and did not appear before this court at oral argument. Having examined the record and the commissioner's report, we conclude that Paige should be disbarred, effective September 23, 1982.
Paige worked his way through college and law school. He was admitted to practice in 1976. In 1978 he took the position of Executive Director of the Public Housing Authority of New Roads to supplement his practice. He remained in this position for some eleven months until an investigation revealed a shortage of $7,000 between the amount received according to the receipt book and the amount deposited in the authority bank account. As a result of this investigation, the United States attorney filed these charges.
At Paige's re-arraignment the judge conducted a hearing to ascertain the factual basis for the plea. Paige was present with counsel, heard the testimony of the investigator who conducted the audit, and offered no objection or contradictory evidence. The crime charged is a felony. The judge sentenced Paige to the maximum, five years, but then suspended the sentence and placed Paige on probation for five years. The judge further ordered that Paige attend an alcohol abuse program and make restitution.
Paige filed no response to the committee's petition. He did appear at the commissioner's hearing and testified on his own behalf. He testified that he experienced alcohol and marital problems at the time, in addition to stress due to the difficulty of making a living as an attorney just out of law school. He nevertheless denied taking any money, blaming instead his secretary. He admitted it was his responsibility to supervise her actions, and he explained that he pleaded nolo contendere because he was in no "shape" to fight it and because he wanted to have the matter behind him. He also testified that he was making regular payments to repay the missing amount and that he owed "four or five thousand."
According to his probation officer, however, Paige's payments at the time were "sporadic" and a balance of $6,630 was still due. Paige stated at the hearing that he could make arrangements to pay the remaining balance in ten days; however, there is nothing in the record which indicates that this has been done. In addition, the Pointe Coupee grand jury pretermitted charges against the secretary.
With regard to Paige's attempt to argue that his secretary was to blame, "the certificate of the conviction of the respondent shall be conclusive evidence of his guilt of the crime for which he has been convicted." Articles of Incorporation, Art. XV, ง 8, para. 7(c). In declining to contest the federal government's evidence, Paige impliedly admitted his guilt. Such a plea may be used as a "conviction" in disciplinary proceedings. Louisiana State Bar Association v. Edwards, 322 So.2d 123, 127 (La.1975). The sole issue before this court is therefore whether the crime warrants discipline, and the disciplinary procedure is designed to avoid a retrial of the case. Louisiana State Bar Association v. Quaid, 368 So.2d 1043, 1045 (La.1979).
The discipline to be imposed in a given case depends upon the seriousness of the offense and the facts and circumstances peculiar to the case, examined in light of *992 the purpose of disciplinary proceedings and taking into account both aggravating and mitigating circumstances. Louisiana State Bar Association v. Schoemann, 444 So.2d 608, 610 (La.1984).
The crime in this case is a serious one. Paige's actions constituted a violation of the Code of Professional Responsibility. Disciplinary Rule 1-102(A)(3) states that a lawyer shall not "[e]ngage in illegal conduct involving moral turpitude." DR 1-102(A)(4) provides further that a lawyer shall not "[e]ngage in conduct involving dishonesty, fraud, deceit, or misrepresentation." In addition, the particular crime involved here adversely reflects on Paige's ability to handle funds entrusted to him. See DR 9-102. This was not an isolated offense, but a course of conduct which lasted several months. Commission of such a felony by an attorney tends to lessen public confidence in the legal profession and to encourage disrespect for the law. Louisiana State Bar Association v. Schoemann, supra.
In mitigation, Paige's alcohol problems are adequately established in the record. Following his sentencing, he spent a month in an alcohol abuse program, and his progress is being monitored by his probation officer. At his sentencing, his attorney, one of his former law professors, spoke of Paige's struggle to become a lawyer and his good marks despite working as the night manager for a 7-11. Paige has indicated his willingness to make restitution.
However, his actions have not been consistent with a genuine willingness to make restitution. His payments, ordered by the terms of his sentence, have been sporadic and a large balance remains unpaid. At his only appearance at any stage of these proceedings, he testified under oath that the balance due was less than it actually was and that he could make full restitution in ten days. He failed to do so. He never filed any responsive pleadings, nor did he appear before this court at oral argument.
The primary purpose of disciplinary proceedings is not to punish the attorney, but rather to maintain appropriate standards of professional conduct in order to safeguard the public, to preserve the integrity of the legal profession, and to deter other attorneys from engaging in violations of the Code of Professional Responsibility. Louisiana State Bar Association v. Schoemann, supra. Considering the facts of this case in light of this purpose and for reasons assigned, it is ordered, adjudged and decreed that the name of Louis Charles Paige be stricken from the roll of attorneys and his license to practice law in the State of Louisiana is revoked, effective September 23, 1982, the date of this court's order suspending Paige from the practice of law. Paige is to bear all costs of this proceeding.
NOTES
[*] Calogero, J., would grant a rehearing.