DISCIPLINARY PROCEEDINGS
DIXON, Chief Justice.
On April 4, 1985, respondent Miles E. Tilly entered a plea of guilty to a charge of distribution of marijuana in violation of R.S. 40:966. Pursuant to Article XV, § 8 of the Articles of Incorporation of the Louisiana State Bar Association, the Committee on Professional Responsibility determined that this crime was a serious crime which reflected on Tilly’s moral fitness to practice law. This court concurred, and Tilly was suspended from the practice of law on May 9, 1986.
The committee filed a petition for disciplinary action pursuant to Article XV, § 8, paragraph 7. In his answer, Tilly admitted the conviction and its finality, but denied that he lacked the moral fitness to practice law. He further responded that he had never publicly practiced law, having worked exclusively as a judicial law clerk from the time of his admission to the bar to his voluntary resignation after his arrest in December, 1983. Additionally, Tilly answered that his offense did not involve or injure any clients or litigants, nor involve any action or omission by him in the course of his practice of law, and that he had successfully completed the substance abuse treatment imposed as one of the conditions of his probation.
On July 1, 1986, a commissioner was appointed, who, after holding a hearing, recommended a period of two or three years suspension with the requirement that Tilly be totally free of drug abuse during such suspension period. The commissioner also found that Tilly was an excellent candidate for rehabilitation and ultimately an excellent candidate for real contributions to the public and the profession if he remained drug free. The committee concurred in the factual findings of the commissioner but opposed his recommendation of suspension, instead proposing disbarment retroactive to date of suspension. In light of all the circumstances of this case and Tilly’s conduct subsequent to his conviction, we conclude that a two year suspension from the practice of law, effective *183 from the date of judgment, will adequately protect the public.
Miles Tilly was admitted to the bar in April, 1981. He began a judicial clerkship shortly thereafter, which he held until he voluntarily resigned after his arrest. Tilly was arrested after he sold one ounce of marijuana for $100 to an acquaintance who was cooperating with the authorities. A search of Tilly’s grandmother’s residence revealed one-fourth pound of marijuana, drug paraphernalia and a scale which Tilly claimed to be borrowed from a friend. Tilly pleaded guilty to a charge of distribution of marijuana and was sentenced to three years at hard labor, which was suspended in lieu of three years of supervised probation with the conditions that he serve four months in the parish jail, forfeit the automobile used in the criminal transaction, and enroll in and successfully complete a court approved substance abuse program. After serving his time in prison, Tilly was employed in several nonlegal jobs, and is presently working as a legal assistant in a law firm. He was suspended from the practice of law on May 9, 1986. After the commissioner’s hearing but before his findings of fact and recommendations were issued, the commissioner received a letter from Tilly’s attorney with details of a November 20, 1986 arrest in which Tilly was booked with one count of theft by fraud and two counts of possession of a Schedule IV (prescription drug) controlled dangerous substance. According to Tilly’s attorney, no prosecution for this arrest has been instituted to date. The commissioner was aware of this subsequent arrest when he issued his report, but had not received evidence about it. Also, according to Tilly’s attorney, in December, 1986 Tilly pleaded guilty to a charge of driving while intoxicated. Subsequent to these incidents, Tilly’s probation was extended for an additional year and is now set to expire on April 4,1989, at which time Tilly will have been out of the practice of law for more than five years.
The sole issue before the court in a disciplinary proceeding resulting from a criminal conviction is whether the crime warrants discipline. Articles of Incorporation, Art. XV, § 8(7)(d); Louisiana State Bar Association v. Paige, 456 So.2d 990 (La.1984). The primary purpose of disciplinary proceedings is not to punish the attorney, but rather to maintain appropriate standards of professional conduct in order to safeguard the public, to preserve the integrity of the legal profession, and to deter other attorneys from engaging in violations of the Code of Professional Responsibility. Louisiana State Bar Association v. Schoemann, 444 So.2d 608 (La.1984). Tilly’s conviction demonstrates a lack of fidelity to a lawyer’s duty to uphold and respect the laws and, as such, his crime warrants discipline.
Tilly had no clients at the time of his conviction, nor had he practiced law previously. His conviction and actions therefore did not directly harm any clients. Tilly’s conviction was a first time offense of selling a small amount of marijuana, and there is no indication that Tilly regularly engaged in distribution for profit. Due to Tilly’s inexperience in the practice of law, his conviction received little publicity endangering the public’s trust in the legal profession. Presently, Tilly attends daily group therapy sessions as a resident of a halfway house addressed to chemical dependency, and he is a member of Alcoholics Anonymous. At the commissioner’s hearing, his present employer attested to Tilly’s dependability and forthrightness.
Considering these circumstances, the seriousness of the crime, the recommendations of the commissioner and other factual findings of the commissioner, we find that the appropriate penalty is less than disbarment. However, because of what appears to be continuing therapy for chemical dependency, respondent is suspended from the practice of law pending further orders of this court. Respondent may apply for readmission two years from this date; his readmission will depend upon his fitness to practice at that time. Respondent is cast for all costs of these proceedings.