400 So.2d 1355 (1981)
LOUISIANA STATE BAR ASSOCIATION
v.
David L. LEVY.
No. 60464.
Supreme Court of Louisiana.
July 2, 1981.
Sam J. D'Amico, Baton Rouge, Chairman, Roland J. Achee, Shreveport, Wood Brown, III, New Orleans, Leonard Fuhrer, Alexandria, Carrick R. Inabnett, Monroe, Harold J. Lamy, New Orleans, Alfred S. Landry, New Iberia, Al Russell Roberts, Metairie, John B. Scofield, Lake Charles, Thomas O. Collins, Jr., New Orleans, for plaintiff-applicant.
*1356 Milton P. Masinter and David L. Levy, New Orleans, for defendant-respondent.

DISCIPLINARY PROCEEDING
DENNIS, Justice.
Respondent attorney, David L. Levy, was convicted by a jury in the United States District Court on five counts of violating and conspiring to violate the Travel Act,[1] 18 U.S.C. § 1952, and sentenced to serve concurrently two years on each conviction. Levy was ordered confined to a jail type facility for six months, and placed on probation for the remainder of the sentence. The court later allowed him to complete his six months' confinement at a halfway house in New Orleans.
In the counts of which Levy was convicted, the indictment charged that: (1) Levy conspired with others to use facilities in interstate commerce to violate the Louisiana commercial bribery law[2] by promising an employee of Petty-Ray Geophysical, Inc. a future interest in another corporation formed by Levy and others in return for the employee's theft of geological and oil exploration data from his corporate employer; (2) In furtherance of the objects of the conspiracy, Levy on at least five separate dates committed overt acts by instructing a co-conspirator to order gravity maps by long distance interstate telephone call, having a co-conspirator receive the order from interstate shipment, placing a long distance interstate telephone to order gravity maps, and speaking with co-conspirators by long distance telephone calls. Levy appealed from his convictions to the United States Court of Appeals.
In affirming Levy's convictions, the United States Court of Appeals summarized the evidence as follows:
"* * * The proof adduced at trial demonstrated that appellant LaFont approached an employee of the Petty-Ray Geophysical Company, Roger Willis, and proposed that Willis steal from his employer *1357 certain seismic exploration charts. In return for the theft, Willis was to receive a percentage of the profits of a corporation specifically organized by appellants Levy and LaFont to exploit the stolen data. Appellant Perrin, a consulting geologist, was to interpret and analyze the data stolen from Petty-Ray." United States v. Perrin, et al., 580 F.2d 730, 732-733 (1978).
Levy and the other appellants did not challenge the sufficiency of the evidence. 580 F.2d 733. Instead, they contended unsuccessfully that commercial bribery as defined in La.R.S. 14:73 is not "bribery" within the meaning of the Travel Act, that the Louisiana commercial bribery act is unconstitutional, that the interstate nexus supplied by their use of interstate facilities was isolated, minimal, inconsequential and nonessential to the commercial bribery scheme and insufficient to establish jurisdiction under the Travel Act, that jurisdiction under the Travel Act was improperly manufactured by the government, and that the trial judge erred in not granting the appellants' requested instructions on entrapment. 580 F.2d at 733-738. The convictions of Levy and the other appellants were affirmed, although Judge Rubin dissented on the ground that the unadorned word "bribery" in the Travel Act does not provide authority for the punishment by the federal government of "commercial bribery." 580 F.2d at 738.
Because of his convictions Levy was disbarred by the United States District Court for the Eastern District of Louisiana on August 15, 1980. In the Matter of David L. Levy, U. S. District Court (Eastern District of La.) Misc. No. 411.
Under our disciplinary rules, when an attorney has been convicted of a crime, the Committee on Professional Responsibility obtains a certificate of conviction from the proper court and forwards a copy to this court. The Committee makes a determination whether the crime of which he has been convicted is a serious crime, i. e., a felony or any other crime which reflects upon the attorney's moral fitness to practice law. If this court concurs in the Committee's determination that the attorney has been convicted of a serious crime, it may suspend him from the practice of law pending disciplinary proceedings.[3] After an attorney's conviction has become final, the Committee files a petition in this court seeking disbarment or other disciplinary action. A hearing is held before a commissioner appointed by this court. At the hearing before the Commissioner, the certificate of conviction is conclusive evidence of the attorney's guilt of the crime of which he has been convicted, and the sole issue is whether the crime warrants discipline, and if so, the extent thereof. But the attorney may offer evidence of mitigating circumstances not inconsistent with the essential elements of the crime. Rules of the Supreme Court of Louisiana, Rule 19 (1973); Articles of Incorporation, Louisiana State Bar Ass'n., art. 15, § 8(1)-(8). Louisiana State Bar Ass'n v. Levy, 389 So.2d 51 (La. 1980); Louisiana State Bar Ass'n v. Quaid, 368 So.2d 1043 (La.1979); Louisiana State Bar Ass'n v. Hennigan, 340 So.2d 264 (La. 1976); Louisiana State Bar Ass'n v. Loridans, 338 So.2d 1338 (La.1976).
After a hearing the Commissioner recommended that Levy be suspended from the practice of law for three months. The Commissioner's Report concludes that the attorney was convicted of a serious crime, a felony, which reflects on his moral fitness to practice law. The Commissioner found that there were mitigating circumstances but he did not designate or discuss them. Levy concurs in the Commissioner's recommendations. *1358 The Committee on Professional Responsibility brought this disciplinary proceeding alleging that Levy's convictions indicate that he lacks the moral fitness to practice law and praying that this court order disbarment, suspension, or lesser disciplinary action. In written and oral argument, the Committee argues that disbarment would not be inappropriate but that Levy should at least be suspended for a "significantly determinate period."
The evidence introduced at Levy's criminal trial has not been made available to us. The parties are content to submit the case upon the certificate of conviction and the limited evidence introduced before the Commissioner. Since their decisions indicate the best judgment of each that the record before us fairly presents the aggravating and mitigating circumstances of Levy's offenses, we will not burden the parties by requiring that they produce the voluminous federal trial court record.
The offense in question, a felony involving bribery of a corporate employee with the intent to induce him to steal valuable seismic exploration charts from his employer, trenches upon at least two basic precepts of the Code of Professional Responsibility:
Disciplinary Rule 1-102 provides in part:
(A) A lawyer shall not:
* * * * * *
(3) Engage in illegal conduct involving moral turpitude.
(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.
Levy offered evidence of mitigating circumstances. He introduced excerpts of the transcript of testimony from his trial in the United States District Court for the purpose of showing that his guilt was not as great as that which must be inferred from the face of the judgment of convictions. This evidence is not convincing, however, because it consists of several isolated passages which, taken as a whole or individually, do not prove any facts conclusively or indicate with probability that Levy's guilt was minimal. Also in mitigation, he offered testimony and letters by attorneys and laymen in his community indicating that despite his convictions he continues to enjoy a good reputation. Levy testified that, although he has continued to practice law and has maintained his professional telephone listing, he removed his name from his office door, informed his clients of the charges against him, offered to withdraw from representing any client who desired to employ other counsel, and refused to accept employment involving protracted litigation. He further testified that his convictions were not well known by his fellow attorneys and citizens. Although he contends that he has suffered financially because of his criminal activity, he failed to produce any specific testimony or other evidence demonstrating monetary loss.
The purpose of lawyer discipline proceedings is to maintain appropriate standards of professional conduct in order to protect the public and the administration of justice from lawyers who have demonstrated in their conduct that they are unable or likely to be unable to discharge their professional duties. Louisiana State Bar Ass'n v. Quaid, supra; Louisiana State Bar Ass'n v. McSween, 347 So.2d 1118 (La.1977); Louisiana State Bar Ass'n v. Ponder, 340 So.2d 134 (La.1976), appeal dismissed 431 U.S. 934, 97 S.Ct. 2643, 53 L.Ed.2d 251; ABA Joint Committee on Professional Discipline, Standards for Lawyer Discipline and Disability Proceedings, § 1.1, p. 1 (Approved Draft February, 1979). The discipline to be imposed in a particular case will depend upon the seriousness and circumstances of the offense, fashioned in light of the purpose of lawyer discipline, taking into account aggravating and mitigating circumstances. Louisiana State Bar Ass'n v. Bensabat, 378 So.2d 380 (La.1979); see ABA Joint Committee on Professional Discipline, Standards for Lawyer Discipline and Disability Proceedings, § 7.1 p. 44 (Approved Draft February, 1979).
*1359 Applying these precepts, we conclude that disciplinary action suspending respondent from the practice of law for eighteen months is warranted. His bribery of a corporate official in an attempt to steal valuable data amounted to dishonesty, deceit and lack of respect for another's fiduciary obligation, betraying a lack of fidelity to his own professional duty to uphold and respect the laws. It was a serious crime and a serious breach of professional conduct, justifying a substantial punishment to avoid deprecation of the offense and to provide a meaningful deterrent to other potential offenders. Absent extenuating circumstances, a more serious punishment would be called for.
In mitigation, we have considered several circumstances. Commercial bribery, a misdemeanor under state law, is a less serious offense than other unlawful activity which may form the basis of a violation of the Travel Act. Levy's violations of the Travel Act and the state commercial bribery statute were not directly related to his practice of law. Apparently, neither society nor any individual was harmed seriously by Levy's transgressions. His character and propensities on this record appear susceptible to reform and correction with appropriate discipline. On the other hand, Levy is not entitled to mitigation because of the alleged painful extrajudicial consequences of his crimes. If an attorney's suffering due to his crimes ever justifies alleviation of professional discipline, it does not in respondent's case. The evidence of his embarrassment and financial loss is too slight; the self imposed strictures on his practice of law were too mild.
Accordingly, it is ordered that David L. Levy be suspended from the practice of law for a period of eighteen months. Since this court within its discretion refused to suspend him from the practice of law during disciplinary proceedings, his suspension shall commence upon the effective date of the finality of this decision. All costs are charged to respondent.
SUSPENSION ORDERED.
NOTES
[1] 18 U.S.C. § 1952 provides:

(a) Whoever travels in interstate or foreign commerce or uses any facility in interstate or foreign commerce, including the mail, with intent to
(1) distribute the proceeds of any unlawful activity; or
(2) commit any crime of violence to further any unlawful activity; or
(3) otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity,
and thereafter performs or attempts to perform any of the acts specified in subparagraphs (1), (2), and (3), shall be fined not more than $10,000 or imprisoned for not more than five years, or both.
(b) As used in this section "unlawful activity" means (1) any business enterprise involving gambling, liquor on which the Federal excise tax has not been paid, narcotics or controlled substances (as defined in section 102(6) of the Controlled Substances Act), or prostitution offenses in violation of the laws of the State in which they are committed or of the United States, or (2) extortion, bribery, or arson in violation of the laws of the State in which committed or of the United States.
(c) Investigations of violations under this section involving liquor shall be conducted under the supervision of the Secretary of the Treasury.
[2] La.R.S. 14:73 provides:

Commercial bribery is the giving or offering to give, directly or indirectly, anything of apparent present or prospective value to any private agent, employee, or fiduciary, without the knowledge and consent of the principal or employer, with the intent to influence such agent's, employee's, or fiduciary's action in relation to the principal's or employer's affairs.
The agent's, employee's or fiduciary's acceptance of or offer to accept, directly or indirectly, anything of apparent present or prospective value under such circumstances shall also constitute commercial bribery.
The offender under this article who states the facts, under oath, to the district attorney charged with prosecution of the offense, and who gives evidence tending to convict any other offender under this article, may, in the discretion of the district attorney, be granted full immunity from prosecution for commercial bribery, in respect to the particular offense reported.
Whoever commits the crime of commercial bribery shall be fined not more than five hundred dollars, or imprisoned for not more than six months, or both.
[3] Levy's conviction occurred July 30, 1976. On August 15, 1977, the Committee filed a report in this court finding that Levy had been convicted of a serious crime and recommending that he be suspended from the practice of law pending the finality of his conviction. On November 15, 1977, we ordered disciplinary proceedings against Levy stayed pending his appeal, refraining at that time to order his suspension from the practice of law.