ATTORNEY DISCIPLINARY PROCEEDINGS
LPER CURIAM.
This disciplinary matter arises from six counts of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Arthur F. Dumaine, an attorney licensed to practice law in Louisiana.
UNDERLYING FACTS

The Scott Matter

On October 19, 1997, James Scott broke into a vending machine at the City Park driving range. He was arrested and subsequently charged by bill of information with theft of more than $100 but less than $500. Thereafter, Mr. Scott’s mother paid respondent $1,000 to represent her son in connection with the criminal charge. In the course of the representation, respondent visited Mr. Scott in jail, spoke with his client’s mother and brother concerning *757 the case, prepared several motions, and entered into plea negotiations. However, respondent failed to appear for most of Mr. Scott’s court appearances.
On March 11, 1998, Mr. Scott, represented by counsel from the Orleans Indigent Defender Program, entered a guilty plea to the criminal charge. Mr. Scott later terminated respondent’s representation and requested a refund of the unearned portion of the fee paid by his mother. When respondent refused to comply with this request, Mr. Scott filed a complaint with the ODC, alleging that respondent neglected the criminal matter and failed to keep him “abreast of the proceedings.”

li>The Creel Matter

On June 27, 1998, Jeremy Creel, a resident of Texas, was arrested in Franklin, Louisiana and charged with first offense DWI. In July 1998, Mr. Creel and his aunt, Glenda Pruett, who also resides in Texas, contacted respondent by telephone, and respondent agreed to handle the criminal matter for $500. Ms. Pruett paid this sum on July 24,1998.
In the course of the representation, respondent prepared and filed pleadings, reviewed the police report, made several court appearances, and consulted with his client, Ms. Pruett, and the clerk of court’s office concerning the case. On one occasion, however, respondent failed to appear in court on Mr. Creel’s behalf, resulting in the issuance of an attachment for Mr. Creel’s arrest. Thereafter, Mr. Creel terminated respondent’s representation. In January 1999, Ms. Pruett filed a complaint against respondent arising out of his representation of Mr. Creel.
DISCIPLINARY PROCEEDINGS
Following its investigation, the ODC filed six counts of formal charges against respondent, alleging that he violated Rule 1.3 of the Rules of Professional Conduct by neglecting the - Scott and 'Creel matters, violated Rule 1.4 by failing to communicate with his clients, and violated Rules 1.5(f) and 1.16(d) by failing to account for any earned portion and to refund the unearned portion of the legal fees he was paid. Respondent answered the formal charges and denied any misconduct.

Hearing Committee Recommendation

Following a hearing, the hearing committee found the ODC proved the formal charges by clear and convincing evidence. The committee did not explicitly recognize any aggravating- or mitigating circumstances, but did point out that respondent has a Lprior disciplinary record involving misconduct similar to that at issue in the instant case.[1] Based on this fact, and considering the prior jurisprudence of this court, the committee recommended that respondent be suspended from the practice of law for one year and one day.
Respondent filed an objection in the disciplinary board to the hearing committee’s recommendation.

Disciplinary Board Recommendation

After reviewing the record of this matter, the disciplinary board disagreed with *758 the hearing committee’s finding that there was sufficient clear and convincing evidence to establish that respondent neglected Mr. Creel’s legal matter and failed to communicate with him. However, the board accepted the committee’s finding that respondent failed to account for and refund an unearned legal fee in the Creel matter, and that respondent violated the professional rules as charged in the Scott matter.
The board found respondent knowingly and intentionally violated a duty owed to his clients when he failed to keep his clients informed of the status of their cases and failed to carry through to conclusion all matters related to the representations. Moreover, Mr. Scott’s mother and Ms. Pruett were denied prompt refund of any unearned fees due them from respondent. The board stated that the potential existed for significant injury to respondent’s clients. The board found no mitigating factors are present, and determined the record supports a finding of two aggravating factors, namely respondent’s prior disciplinary record and pattern of misconduct.
| ¿Considering the ABA’s Standards for Imposing Lawyer Sanctions and the prior jurisprudence, the board determined that the baseline sanction for respondent’s misconduct is a suspension from the practice of law. While it accepted the one year and one day suspension proposed by the hearing committee, the board recommended that six months and one day of this suspension be deferred, subject to one year of supervised probation with conditions.
Although neither respondent nor the ODC objected to the disciplinary board’s recommendation, this court subsequently ordered the ease docketed for oral argument pursuant to Supreme Court Rule XIX, § 11(G)(1)(a).
DISCUSSION
Bar disciplinary matters come within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343; Louisiana State Bar Ass’n v. Boutall, 597 So.2d 444 (La.1992). While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
Based on our review, we find the record does not support a finding that the ODC proved by clear and convincing evidence that respondent neglected Mr. Creel’s legal matter or failed to communicate with his client.[2] However, we find the ODC proved by clear and convincing evidence that respondent failed to account for his legal | fee in the Creel matter. With respect to the Scott matter, we find the ODC proved by clear and convincing evidence that respondent neglected Mr. Scott’s criminal case, failed to communicate with his client, and failed to account for his legal fee.
Having found violations of the Rules of Professional Conduct, we now turn to a determination of an appropriate sanction for this misconduct. The purpose *759 of disciplinary proceedings is not primarily to punish the lawyer, but rather to maintain the appropriate standards of professional conduct, to preserve the integrity of the legal profession and to deter other lawyers from engaging in violations of the standards of the profession. In re: Vaughan, 00-1892 (La.10/27/00), 772 So.2d 87; In re: Lain, 00-0148 (La.5/26/00), 760 So.2d 1152; Louisiana State Bar Ass’n v. Levy, 400 So.2d 1355 (La.1981). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. In re: Redd, 95-1472 (La.9/15/95), 660 So.2d 839; Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
Respondent’s conduct in the Scott and Creel matters certainly falls well below the high standards expected of attorneys' practicing in this state. However, no significant harm ultimately resulted. In particular, respondent’s failure to account for his legal fees, while a clear violation of the professional rules, did not cause actual harm to his clients, especially in light of the evidence produced by respondent suggesting he may have done sufficient work in these cases to earn the fees.[3]
As aggravating factors, we recognize respondent’s significant experience in the practice of law and his prior disciplinary record, although we note his prior discipline's fairly remote in time. As a mitigating factor, we recognize respondent’s health problems at the time of the misconduct.[4]
Under these circumstances, we conclude a suspension from the practice of law for a period of one year is the appropriate discipline. However, because we believe respondent’s actions are more negligent than intentional, we will defer six months of the suspension. We also believe respondent would benefit from a period of supervised probation. Accordingly, we will place respondent on supervised probation for a period of one year, subject to the following conditions:
1. Respondent shall render an accounting to Mr. Scott and Mr. Creel, and shall refund any unearned fees;
2. The ODC shall appoint a practice monitor who shall review respondent’s files on a periodic basis to ensure that he is in full compliance with all professional obligations;
3. Respondent shall attend Ethics School and submit evidence of attendance to the ODC;
4. Any failure by respondent to comply with these conditions, or any misconduct during the period of probation, shall be grounds for imposition of the deferred portion of the suspension, or additional discipline, as appropriate.
DECREE
Upon review of the findings and recommendation of the hearing committee and disciplinary board, and considering the record, briefs, and oral argument, it is ordered that Arthur F. Dumaine be suspended from the practice of law in Louisiana for a period of one year. It is further ordered that six months of this suspension *760 shall be deferred. Following the active portion of his suspension, respondent shall be placed on supervised probation for a period of one year, subject to the conditions set forth in |7this opinion. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
TRAYLOR, J., dissents, and would impose a greater penalty.

. Respondent has been disciplined on two prior occasions by this court. Louisiana State Bar Ass’n v. Dumaine, 538 So.2d 270 (La.1989) (eighteen-month suspension for misconduct involving neglect of a legal matter and failure to account for and refund an unearned fee); Louisiana State Bar Ass'n v. Dumaine, 550 So.2d 1197 (La.1989) (indefinite suspension following respondent’s conviction of illegal use of a weapon). He was reinstated to practice in July 1996, subject to certain conditions of probation which were recommended by the disciplinary board. In re: Dumaine, 96-1611 (La.7/1/96), 676 So.2d 100. In addition to the discipline imposed by this court, respondent also received four reprimands (two public and two private) between 1979 and 1987.

. The record establishes that Mr. Creel, who was a truck driver, was often on the road and was difficult to contact. However, the testimony of Mr. Creel's aunt establishes that respondent spoke with her on several occasions to discuss Mr. Creel's case.

. Of course, in the absence of an accounting, it is impossible for us to determine if respondent has earned his entire fee. We merely observe that in light of the relatively small fee in both cases, respondent may have done sufficient work to earn the fee in its entirety. However, if any unearned fee remains, respondent is obligated to refund it.

. In the time frame when the Scott and Creel matters were pending before the courts, respondent was hospitalized for more than a week with his second heart attack.