*29 ATTORNEY DISCIPLINARY PROCEEDINGS
hPER CURIAM.
This disciplinary matter arises from two counts of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, James F. Quaid, Jr., a disbarred attorney.
PRIOR DISCIPLINARY HISTORY
Respondent was admitted to the practice of law in Louisiana in 1960. After receiving two formal private reprimands in June 1970, respondent was disbarred effective September 30, 1976, following his conviction of a felony burglary charge in the State of Georgia. Louisiana State Bar Ass’n v. Quaid, 368 So.2d 1043 (La.1979). Respondent was readmitted to the practice of law on May 23, 1983. In re: Quaid, 433 So.2d 179 (La.1983) (on reconsideration). In 1987, respondent received another formal private reprimand.
In In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343, respondent was disbarred for charging an excessive fee in a Social Security case and attempting to conceal this misconduct. Our judgment in that matter became final on February 16, 1995, upon the denial of respondent’s application for rehearing. Notwithstanding his disbarment, however, respondent continued to practice law. On September 3, 1999, this court extended by five years the minimum period for respondent to seek 12readmission to the practice of law. In re: Quaid, 98-2089 (La.9/3/99), 740 So.2d 104.
UNDERLYING FACTS
In 1999, Eddie Taylor, a manager of E & R Trust, consulted respondent concerning litigation pending against the trust in Jefferson Parish. Respondent was disbarred from the practice of law at this time, but he offered to handle the case as an “agent” for John H. “Jack” Norman, a Louisiana-licensed attorney who practices in Metairie. Respondent explained to Mr. Taylor that Mr. Norman would appeal the jury verdict that had previously been rendered against Mr. Taylor and the trust, and would oppose a motion filed by an adverse party seeking to have certain costs taxed against the trust. Mr. Taylor agreed to this arrangement, and on March 19, 1999 and April 6, 1999, Mr. Taylor paid respondent a retainer fee totaling $4,000.[1] Mr. Taylor believed that this sum represented Mr. Norman’s legal fee for handling the matter.
On July 13, 1999, respondent wrote a letter to Mr. Taylor, assuring him that “the necessary paper work is being prepared to make Jack Norman counsel of record” in the matter. Sometime in August or September 1999, Mr. Norman formally enrolled as counsel of record on behalf of Mr. Taylor and E & R Trust. Respondent prepared various legal pleadings in the case which were signed by Mr. Norman. However, Mr. Norman failed to appear at the hearing on the motion to tax costs and failed to timely file a brief in the court of appeal. When Mr. Taylor learned of this, he wrote to Mr. Norman request *30 ing a refund of the $4,000 retainer fee he paid to respondent. By letter dated November 8, 1999, respondent informed Mr. Taylor that his letter “should have been directed to me since you hired me, not Jack Norman.” Nevertheless, respondent 13did not refund the retainer fee to Mr. Taylor, who had to retain other counsel to complete the legal matter.
In July 2000, Mr. Taylor filed a complaint with the ODC. Respondent’s reply to the complaint was untimely and inadequate, necessitating the issuance of a subpoena compelling him to appear and answer the complaint under oath.
DISCIPLINARY PROCEEDINGS

Formal Charges

On August 23, 2001, the ODC filed two counts of formal charges against respondent, alleging that his conduct violated the following provisions of the Louisiana Rules of Professional Conduct: Rules 1.5 (fee arrangements), 5.5 (engaging in the unauthorized practice of law), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 8.4(d) (engaging in conduct prejudicial to the administration of justice), and 8.4(g) (failure to cooperate with the ODC in its investigation). Respondent answered the formal charges and denied any misconduct.

Hearing Committee Recommendation

This matter proceeded to a formal hearing on the merits. Considering the evidence presented, the hearing committee found as a matter of fact that respondent accepted a $4,000 fee from Eddie Taylor for the preparation and filing of an opposition to a Motion to Tax Costs and for handling an appeal on behalf of Mr. Taylor and E & R Trust. Respondent prepared these legal pleadings and enlisted Jack Norman, a practicing attorney, to sign the pleadings. Respondent was not working as |4a paralegal in Mr. Norman’s office, nor was he supervised by any other licensed attorney when he prepared the pleadings. The committee found that by this conduct, respondent intentionally engaged or attempted to engage in the unauthorized practice of law after he was disbarred.
The committee further found that respondent accepted a fee to perform legal services which he failed to perform. Mr. Taylor’s case was not properly handled, and he was forced to hire another attorney to handle the same matter he believed he had paid to have Mr. Norman handle.
Finally, the committee found that respondent engaged in dishonest and deceitful conduct that was prejudicial to the administration of justice. According to the committee, respondent misrepresented himself to Mr. Taylor and Mr. Norman. He led Mr. Norman to believe that he was retired and not disbarred. He never advised Mr. Norman of his status with the Louisiana State Bar Association and he never advised Mr. Taylor or Mr. Norman of the exact contractual relationship that existed between them, if any. Mr. Taylor thought the $4,000 retainer fee given to respondent was for Mr. Norman; however, Mr. Norman testified that he never received a penny of the $4,000, and that he simply read and signed the pleadings as a favor to respondent.[2]
As to the failure to cooperate charge, the committee found that on June 4, 2001, the ODC forwarded respondent a copy of *31 Mr. Taylor’s complaint and requested a substantive response within fifteen days pursuant to Supreme Court Rule XIX, § 4(B)(2). According to the committee, respondent failed to timely and adequately respond to the complaint. There is no record of a telephone call or letter requesting an extension of time to respond. Respondent finally decided to respond on June 25, 2001, but by this time, the ODC had already requested that a subpoena be served on | ¿respondent. Accordingly, the committee determined that respondent was guilty of failing to cooperate with the ODC.
The committee determined respondent’s conduct violated duties owed to his client, the court, the public, and the profession, and was knowing and intentional. Respondent knew he was disbarred and intentionally conducted himself in violation of the Rules of Professional Conduct. His conduct has caused injury and potential injury to others. Furthermore, the image of the legal profession is tarnished every time a disbarred lawyer attempts to engage or engages in the unauthorized practice of law.
In aggravation, the committee recognized respondent’s prior disciplinary offenses, dishonest or selfish motive, pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceedings, refusal to acknowledge the wrongful nature of the conduct, vulnerability of the victim, substantial experience in the practice of law, and indifference to making restitution. The committee cited no mitigating factors. Under these circumstances, the committee recommended that respondent be permanently disbarred.
Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.

Disciplinary Board Recommendation

The disciplinary board generally accepted the factual findings of the hearing committee, and agreed that respondent violated the Rules of Professional Conduct as charged in the formal charges. The board determined respondent violated duties owed to his client, the public, and the legal system. He also violated duties owed as a professional. His acceptance of a legal fee, his performance of acts that under the circumstances constitute the practice of law, and his dishonest conduct in enlisting a [^licensed attorney- to sign pleadings were all intentional acts. His failure to cooperate in the ODC’s investigation in a timely and adequate manner was at least knowing. Respondent caused injury to Mr. Taylor in that his legal matter was not handled properly, nor was it completed. Mr. Taylor had to expend additional funds to hire another attorney to complete the work properly. He put Mr. Norman’s law license and reputation in jeopardy. He damaged the public, the legal system, and the profession by his blatant dishonesty. The board determined the baseline sanction for respondent’s misconduct is disbarment.
The board concurred in the aggravating factors cited by the committee, and agreed the record does not support a finding of any mitigating factors.
In light of these considerations, the ABA’s Standards for Imposing Lawyer Sanctions, and the prior jurisprudence, the board found that disbarment is an appropriate sanction. However, recognizing that respondent engaged in the unauthorized practice of law while disbarred, the board concluded that the sanction of permanent disbarment is warranted. The board also recommended respondent be ordered to make restitution to Mr. Taylor, and that he be assessed with all costs and expenses of these proceedings, with legal *32 interest to commence running thirty days from the date of finality of the court’s judgment until paid.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters come within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has |7been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343; Louisiana State Bar Ass’n v. Boutall, 597 So.2d 444 (La.1992). While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
The record supports the detailed factual findings of the hearing committee. It is apparent that respondent has continued to practice law after being disbarred by this court. Furthermore, he compounded his misconduct by failing to properly handle Mr. Taylor’s legal matter, and by failing to cooperate with the ODC in its investigation.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
Respondent’s conduct clearly violated duties owed to the public, the legal system, and the profession. Unquestionably, the baseline sanction for such misconduct is disbarment. Numerous aggravating factors are present, but we are unable to determine any mitigating factors from the record.
| ^Having found disbarment is the appropriate sanction, the sole remaining issue presented for our consideration is whether respondent’s conduct is so egregious that he should be permanently prohibited from seeking readmission to the practice of law.
In Appendix E to Supreme Court Rule XIX, we set forth guidelines illustrating the types of conduct which might warrant permanent disbarment. While these guidelines are not intended to bind this court in its decision-making process, they present useful information concerning the types of conduct we might consider worthy of permanent disbarment.
For purposes of the instant case, Guidelines 8 and 9 are relevant. Those guidelines detail the following conduct:
GUIDELINE 8. Following notice, engaging in the unauthorized practice of law subsequent to resigning from the Bar Association, or during the period of time in which the lawyer is suspended from the practice of law or disbarred.
GUIDELINE 9. Instances of serious attorney misconduct or conviction of a serious crime, when the misconduct or *33 conviction is preceded by suspension or disbarment for prior instances of serious attorney misconduct or conviction of a serious crime. Serious crime is defined in Rule XIX, Section 19. Serious attorney misconduct is defined for purposes of these guidelines as any misconduct which results in a suspension of more than one year.
Guideline 8 is clearly applicable to this case, as the undisputed evidence shows respondent agreed to represent Mr. Taylor after his license to practice law was revoked by this court in 1995. Likewise, Guideline 9 is implicated, as the instant misconduct, which is unquestionably serious attorney misconduct, was preceded by respondent’s disbarment for prior instances of serious attorney misconduct.
We do not lightly impose the sanction of permanent disbarment. In re: Morphis, 01-2803 (La.12/4/02), 831 So.2d 934. Nonetheless, we are firmly l^convinced that we would be remiss in our eonstitutional duty to regulate the practice of law if we did not impose that sanction here. Respondent engaged in conduct that was actively intended to frustrate the administration of justice. This court cannot and will not tolerate such conduct by an attorney. Respondent’s actions convincingly demonstrate he does not possess the requisite moral fitness to practice law in this state. He must be permanently disbarred.
Accordingly, we will accept the disciplinary board’s recommendation and impose permanent disbarment.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that James F. Quaid, Jr. be permanently disbarred. Pursuant to Supreme Court Rule XIX, § 24(A), it is further ordered that respondent be permanently prohibited from being readmitted to the practice of law in this state. Respondent is ordered to pay restitution of $4,300 to Eddie Taylor. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. In September 1999, Mr. Taylor paid respondent an additional $300, apparently to cover costs.

. Mr. Norman was ultimately reprimanded by the disciplinary board for his role in the E & R Trust matter.