*525 ATTORNEY DISCIPLINARY PROCEEDINGS
|,PER CURIAM.
This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Leroy J. Laiche, Jr., an attorney licensed to practice law in Louisiana.
UNDERLYING FACTS
The underlying facts of this matter are essentially undisputed. Respondent represented Jerri Dubois in a personal injury matter arising out of an automobile accident. The police report prepared following the accident indicated the accident occurred on February 1, 1996. In June 1996, respondent forwarded a copy of the accident report to Louisiana Farm Bureau Casualty Insurance Company (“Farm Bureau”), the insurer of the alleged tortfea-sor, and initiated settlement negotiations on behalf of Ms. Dubois, These negotiations were not successful, however, and on February 6, 1997, respondent filed suit in the matter entitled Jerri Page Dubois v. Kevin W. Brown, et al., No. 435-981 on the docket of the 19th Judicial District Court for the Parish of East Baton Rouge. In the petition for damages, respondent alleged that the accident in question occurred on February 7,1996.
After the suit was filed, Farm Bureau’s adjuster informed respondent that Ms. Dubois’ claim was prescribed and requested that he voluntarily dismiss the suit. Respondent refused to do so, claiming the accident report in his file indicated the | ¡¡accident occurred February 7, 1996. Farm Bureau then retained counsel, Edward 0. Taulbee, IV, to defend its interest. In August 1998, Mr. Taulbee submitted a request for admissions, in which he requested respondent to admit that the accident occurred on February 1, 1996. Respondent denied the request for admission.[1]
In light of respondent’s continued refusal to acknowledge the correct date of the accident, Mr. Taulbee obtained a certified copy of the accident report from the Department of Public Safety, conducted a deposition of the state trooper who investigated the accident, and secured the station and desk logs maintained by the Louisiana State Police. All of this information indicated that Ms. Dubois’ accident occurred on February 1, 1996. In September 1999, after discovery was completed, Mr. Taulbee filed an exception of prescription on behalf of Farm Bureau. Respondent opposed the exception and amended the petition for damages to allege that Farm Bureau had previously acknowledged its liability to Ms. Dubois, thereby interrupting prescription. The trial court rejected this argument, and in November 1999, granted Farm Bureau’s exception of prescription and dismissed Ms. Dubois’ suit with prejudice.
Mr. Taulbee then filed a motion for sanctions against respondent, seeking to recover the attorney’s fees incurred by *526 Farm Bureau in the defense of the litigation. Following a hearing on the motion in January 2001, the trial court found that the accident date alleged in respondent’s petition for damages was erroneous and that respondent wrongfully denied Farm Bureau’s request for admission that the correct accident date was February 1, 1996. The trial court also found that the accident report had been altered by someone in respondent’s office to show the date of the |3accident as February 7, 1996 for the specific purpose of covering up the fact that Ms. Dubois’ case had prescribed. The trial court awarded Farm Bureau $8,000 in sanctions against respondent under La. Code Civ. P. art. 863, and ordered respondent to pay costs.
On appeal, Farm Bureau sought an increase in the award of sanctions as well as interest on the judgment. The court of appeal declined to award additional attorney’s fees but amended the trial court’s judgment to include legal interest from the date of demand.
DISCIPLINARY PROCEEDINGS
After investigation, the ODC filed one count of formal charges against respondent, alleging that his conduct in the Du-bois matter violated Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.7(b) (a lawyer shall not represent a client if the representation may be materially limited by the lawyer’s own interests), 5.3 (responsibilities regarding nonlawyer assistants), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(d) (engaging in conduct prejudicial to the administration of justice) of the Rules of Professional Conduct.
Respondent filed an answer to the formal charges in which he admitted that he allowed Ms. Dubois’ case to prescribe. However, respondent denied that he altered the accident report in question or allowed someone in his office to alter the report. He also denied that he failed to make a reasonable inquiry to verify the date of the accident, or that he continued to pursue the matter after being placed on notice of the altered accident report. Respondent admitted that his conduct violated Rules 1.3, 5.3, and 8.4(a) of the Rules of Professional Conduct. With respect to the ODC’s Rallegation that he violated Rules 8.4(c) and 8.4(d), respondent admitted that a misrepresentation resulted from his conduct, but denied that his conduct was motivated by dishonesty, fraud, deceit or specific intent to misrepresent the facts of Ms. Dubois’ case or to prejudice the administration of justice.

Recommendation of the Hearing Committee

This matter proceeded to a formal hearing on the merits. Based on the evidence presented at the hearing, the hearing committee made the following factual findings, in addition to the facts which were admitted by respondent in his answer to the formal charges:
1. Respondent negligently allowed someone in his office to alter the date of the accident report. The committee determined there was no clear and convincing evidence that respondent personally altered the accident report or that he instructed anyone to alter it. Nonetheless, someone in respondent’s office did so, and this occurred under respondent’s supervision as respondent was the supervisory attorney in the office.
2. When advised of the discrepancy, respondent failed to make a reasonable inquiry to verify the true date of the *527 accident. The committee did not accept respondent’s claim that he was unsure when the accident happened because his file contained conflicting accident dates. The committee opined that respondent could easily have secured a certified accident report from the State Police in order to verify the date instead of forcing Farm Bureau to expend considerable time and money to prove the accident date. Moreover, the date of the accident appears in at least four separate places on the report; however, only two of the dates were changed from February 1 to February 7. The ^committee found that these discrepancies should have alerted respondent to the fact that the accident date was not February 7, 1996.
3. Respondent’s dilatory tactics caused Farm Bureau to incur considerable expenses that were not fully satisfied by the sanction of $8,000. Respondent continued to pursue the matter after he was placed on notice of the altered accident date, and therefore caused Farm Bureau to spend unnecessary resources to conclude what should have been an “open and shut situation.”
As respondent admitted in his answer to the formal charges, this conduct violated Rules 1.3, 5.3 and 8.4(a). The committee found that respondent did not violate Rules 1.4 and 1.7(b).[2] The committee made no finding as to the remainder of the rule violations alleged in the formal charges.
Considering the ABA’s Standards for Imposing Lawyer Sanctions, the committee determined that respondent engaged in a pattern of neglect which caused injury to Farm Bureau and potential injury to his client, the baseline sanction for which is a suspension from the practice of law. In mitigation, the committee recognized the absence of a prior disciplinary record, respondent’s full cooperation with the ODC, and his good faith effort to make restitution to his client, Ms. Dubois. The aggravating factors present include vulnerability of the victim and substantial experience in the practice of law (admitted 1989).
Considering these factors, the committee recommended that respondent be suspended from the practice of law for ninety days. Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.
| Disciplinary Board Recommendation
The disciplinary board adopted the hearing committee’s factual findings and determined that respondent violated Rules 1.3, 5.3, 8.4(a), and 8.4(d) of the Rules of Professional Conduct. Respondent failed to use reasonable diligence in pursuing Ms. Dubois’ case and failed to verify the actual date of the accident; failed to adequately supervise his staff with regard to the alteration of the accident report; and engaged in conduct prejudicial to the administration of justice when he failed to timely cease the litigation which caused Farm Bureau substantial expense. However, the board determined that respondent did not violate Rules 1.4 or 1.7(b), given Ms. Dubois’ testimony that she believed respondent kept her informed of the progress of the case, *528 including the prescription issue, and that respondent advised her of her right to seek other counsel regarding the case, his prescription error, and any restitution due her for the value of her case. The board also found that respondent did not violate Rule 8.4(c) because he did not alter the accident report or instruct another to do so, or otherwise misrepresent the date of the accident to the court or to Farm Bureau.
The board found respondent violated duties owed to his client, the legal system, and as a professional. It determined respondent’s conduct was negligent insofar as he failed to adequately supervise his staff and failed to use reasonable diligence in pursuing Ms. Dubois’ case. However, it found respondent’s conduct was knowing insofar as he failed to timely confirm the date of the accident and failed to timely dismiss the suit against Farm Bureau.
In determining the harm caused by respondent’s conduct, the board pointed out Farm Bureau was required to spend $20,000 to establish the correct accident date, prove there was no acknowledgment of the claim, and obtain the dismissal of the case, although it was later awarded all recoverable legal fees and expenses in the amount of $8,000. The board observed that Ms. Dubois was in the position to suffer 17the most harm, but found she testified that she was satisfied with respondent’s actions and that she has been made whole, as respondent fully satisfied her malpractice claim. Thus, the board concluded that while the potential for injury to Ms. Dubois was great, she appears to have suffered no financial harm.
Applying the ABA’s Standards for Imposing Lawyer Sanctions, the board concluded that the baseline sanction for respondent’s misconduct is a suspension. The board found the record supports the aggravating factor of substantial experience in the practice of law. In mitigation, the board recognized the absence of a prior disciplinary record, timely restitution to respondent’s client, cooperation with the disciplinary investigation, and the imposition of other penalties and sanctions.
Under these circumstances, and relying on the prior jurisprudence of this court dealing with similar misconduct, the board recommended that respondent be suspended from the practice of law for ninety days. The board further recommended that respondent be assessed with all costs and expenses of these proceedings.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters come within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343; Louisiana State Bar Ass’n v. Boutall, 597 So.2d 444 (La.1992).
Respondent’s factual admissions, together with the findings made by the hearing committee and the disciplinary board, support the conclusion that respondent failed to adequately supervise his office staff and failed to diligently pursue his Isdient’s case. Respondent’s misconduct caused his client’s case to prescribe. In addition, respondent’s failure to concede the correct accident date after being alerted of the discrepancy forced Farm Bureau to expend money and resources to establish the actual date of the accident. This conduct violated Rules 1.3, 5.3, 8.4(a), and *529 8.4(d) of the Rules of Professional Conduct.
Having found professional misconduct, we now turn to a discussion of an appropriate sanction. In considering that issue, we are mindful that the purpose of disciplinary proceedings is not primarily to punish the lawyer, but rather to maintain the appropriate standards of professional conduct, to preserve the integrity of the legal profession, and to deter other lawyers from engaging in violations of the standards of the profession. In re: Vaughan, 00-1892 (La.10/27/00), 772 So.2d 87; In re: Lain, 00-0148 (La.5/26/00), 760 So.2d 1152; Louisiana State Bar Ass’n v. Levy, 400 So.2d 1355 (La.1981).
A review of our prior jurisprudence indicates there is no case directly on point with the facts presented in the instant case. However, in cases involving similar acts of unintentional fraud on the part of a lawyer, we have generally imposed relatively short periods of suspension. See, e.g., In re: Cline, 99-2779 (La.2/29/00), 756 So.2d 284 (lawyer suspended for six months, with three months deferred, for allowing a client to take settlement checks to her prior attorney for endorsement, without taking precautions to ensure the client would not obtain fraudulent endorsements on the checks); In re: Wahlder, 98-2742 (La.1/15/99), 728 So.2d 837 (lawyer suspended for six months, fully deferred, for permitting his client to place his wife’s signature on documents); In re: Broome, 615 So.2d 1333 (La.1993) (lawyer suspended for ninety days for allowing a member of his staff to falsely represent that a suit had been filed when it in fact had not been filed).
| flIn the instant case, the hearing committee made a factual finding, which we accept, that respondent did not personally alter the accident report.[3] However, respondent’s failure to supervise his staff to ensure such actions did not occur and his failure to make even minimal efforts to ascertain the true date of the accident warrant a baseline sanction of a suspension from the practice of law.
Considering the aggravating and mitigating factors present in this case (with particular emphasis on the imposition of other sanctions in the context of the civil case), we conclude that the appropriate sanction for respondent’s misconduct is a suspension from practice of law for a period of ninety days.
DECREE
Upon review of the findings and recommendation of the hearing committee and disciplinary board, and considering the record, it is ordered that Leroy J. Laiche, Jr., Louisiana Bar Roll number 19664, be suspended from the practice of law in Louisiana for a period of ninety days. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. Respondent later asserted that when the request for admission was propounded, he "had no firm idea whatsoever of what was precisely the date of the accident," given that the documents in his file contained conflicting information on that point.

. Ms. Dubois testified at the hearing that respondent notified her of the prescription problem and advised her that she had the right to secure the services of another attorney to pursue a malpractice claim, which she declined to do. Ms. Dubois also testified that respondent satisfied any malpractice claim, informally, to her satisfaction. In light of this testimony, the committee concluded there was no misconduct by respondent towards his client.

. Had respondent personally participated in the alteration, much more severe discipline would be warranted.